SAMUEL HIBBS, Appellant, v. THE WESTERN LAND COMPANY et al., Appellees.

Injunction: ACTION ON BOND : PLEADING. A petition in an action for damages on an injunction bond alleged that the defendant caused an injunction to be issued restraining plaintiff from trespassing on certain real estate : that plaintiff was put to great trouble and expense in defending against the wrongful issuance of said injunction, and in obtaining its dissolution, including an attorney's fee of fifty dollars, and twenty days of his own time ; but not stating upon what ground the injunction was issued, nor upon what ground it was dissolved, nor that plaintiff was thereby prevented from the exercise and enjoyment of some substantial right to which he was entitled, is bad on demurrer.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, OCTOBER 23, 1890.

THIS is an action on an injunction bond. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*D. D. McCallum*, for appellant.

*John S. Monk*, for appellees.

ROTHROCK, C. J.—The averments of the petition are, in substance, as follows: That the Western Land Company brought suit against Hibbs, the plaintiff herein, in which a writ of injunction was issued restraining the defendant from trespassing on certain real estate ; that said Hibbs employed an attorney to file a

motion to dissolve the injunction, and to make proper defense to said action; that a motion to dissolve the injunction and an answer were filed, and the injunction was dissolved ; that defendant was put to great trouble and expense in defending against the wrongful issuance of said injunction, and paid an attorney fifty dollars therefor, and was twenty days engaged in defending said wrongful issuance of said writ; that the condition of the injunction bond has been broken, and judgment is demanded upon said bond for one hundred and ten dollars. The demurrer, among other grounds, raises the objection to the petition that it fails to show that plaintiff sustained any damage by reason of said injunction, or that there was any occasion to incur any expense to procure its dissolution. It will be observed that the averments of the petition are very general in their terms. It does not appear upon what grounds the plaintiff was enjoined from trespassing upon the land, nor upon what grounds the injunction was dissolved, nor what was in issue between the parties touching the land, nor whether the plaintiff herein was deprived of any substantial right by being enjoined from trespassing on the land. It was held in the case of *Bank of Monroe v. Gifford*, 70 Iowa, 580, that, in order to recover damages upon an injunction bond, it is necessary that it should appear that the plaintiff was prevented by the injunction from exercising or enjoying some right or privilege which he desired to exercise, and which he was entitled to enjoy. If the injunction in this case deprived the plaintiff herein of any right, or restrained him from taking possession of land to the possession of which he had the right, and the possession was of some value, we think he might maintain an action on the bond. The condition of an injunction bond is that the obligors will pay the damages sustained by reason of the injunction. The gist of the action is the damages sustained by being deprived of some right. The petition does not contain any averment that such damages were sustained, and we think the district court correctly sustained the demurrer.   AFFIRMED.