CASE 58—ACTION BY THE ANDERSON TELEPHONE COMPANY AGAINST THE EAST TELEPHONE COMPANY AND OTHERS FOR AN INJUNCTION.—MAY 5.

# East Tennessee Telephone Co., &c. v. Anderson County Telephone Co.

### APPEAL FROM ANDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. REVERSED.

TELEPHONES—CONSTRUCTION IN STREETS—CONSENT OF MUNICIPAL AUTHORITIES—STATUTES—INJUNCTION—DISSOLUTION -- DAMAGES ON BOND.

1. Constitution, section 163, declares that no telephone company shall be permitted or authorized to use the streets, alleys, or public grounds of a city or town for its apparatus without the consent of the proper legislative authority of such city or town being first obtained, etc. HELD, that such provision was mandatory, and that, until such consent was obtained, a telephone company could acquire no right to use the streets of a city.

2. Defendant obtained an injunction against the construction of plaintiff's telephone lines in a city, which was thereafter dissolved on the ground that the ordinance granting defendant's alleged exclusive franchise was invalidly enacted. Plaintiff, however, had no right to erect its lines in the city by reason of its failure to obtain the consent of the legislative bodies or boards of the city before commencing the construction thereof, as required by Constitution, section 163. HELD, that since plaintiff had no rights in the streets, it was not injured by the injunction, and was, therefore, not entitled to recover damages against defendant and its sureties on its injunction bond for the illegal issuance thereof.

F R. FIELAND AND HUMPHREY, BURNETT & HUMPHREY, FOR APPELLANTS.

### GENERAL STATEMENT.

The judgment herein appealed from is for damages on an injunction bond. The injunction complained of was granted on August 16, 1899, finally dissolved June 13, 1900, having been in force approximately ten months.

By this injunction the Anderson County Telephone Company (appellee here) was enjoined "from erecting poles, posts or

other apparatus preparatory to or necessary for or used in the operation of a telephone or telephone exchange along, over, under, or across the public streets, alleys or ways of Lawrenceburg" and from using same.

The opinion of this court in affirming the judgment dissolving that injunction (it is reported in 57 S. W. Rep., p. 457) shows that the dissolution was predicated wholly upon the infirmity of the right claimed by the East Tennessee Telephone Company, and that the Anderson County Telephone Company was not adjudged any right whatever in the subject matter of the action.

In the suit for damages on the injunction bond below the Anderson County Telephone Company did affirmatively plead and set out in detail the claim to "the right, power and authority to construct, own and operate a telephone line and exchange in Lawrenceburg." The answer denies these allegations and affirmatively pleads that the appellee was violating the laws of the State and of the City of Lawrenceburg in and by the acts from which it was restrained.

A motion was made by appellee to strike out of the answer the denials and averments that placed in issue appellee's rights to do these acts from which it had been enjoined. This motion raised as I thought, and still think, the pivotal issue in the case. Upon this motion counsel for appellee bluntly urged "that it was none of defendant's business whether plaintiff had the rights claimed or not." The court overruled this motion to strike out, apparently sustaining the view that "a party who is restrained by an injunction from doing what he has a lawful right to do may recover on the injunction bonds," and conversely, "one is not damaged by being restrained from doing wrong."

A reply was then filed which first controverted the answer, and then proceeded to make certain affirmative allegations which are no more and no less than a renewal in another form of the position taken by counsel for appellee on motion to strike out namely: "That it was no concern of defendant whether plaintiff had the right to do the acts for which he was restrained." A motion was therefore made by appellant to strike out these and similar allegations of the reply. This motion was also overruled. In so doing the court clearly reversed the position taken by it upon the former motion.

The issues were then made up by controverting this reply of record. Upon the trial that followed, no proof, no pretense was offered to sustain a single one of the allegations of the plaintiff's petition of its reply relative to the rights of appellee,

Anderson County Telephone Company, to do the acts from which it was enjoined and for which damages were asked.

Appellant by motion for peremptory instructions sought to avail itself of this failure of proof and of the error in overruling its motion to strike out parts of the reply. That motion was overruled, and there was a verdict and judgment for two thousand dollars.

Our contention is:

1. There can be no recovery upon an injunction bond for damages by reason of restraint from acts which it was unlawful to do.

2. Instructions asked by appellant should have been given to the jury embracing the idea that the recovery must be confined to the injury that resulted or occurred by reason of the injunction during the pendency thereof.

3. A verdict should not be sustained giving damages largely speculative and for an amount flagrantly in excess of the proof, or even the probable profit of the venture.

### AUTHORITIES CITED.

Const. of Ky., secs. 163 and 164; Charter and Laws of Lawrenceburg, Ed. 1898, sec. 107; Am. & Eng. Ency. of Law, vol. 10, p. 1129; Cain v. McGuire, 13 B. M., 341; Bennett v. Van Dyke, 11 Ky. Law Rep., 953; Watson v. Holmes, 8 Ky. Law Rep., 780; Beard v. City of Hopkinsville, 24 S. W. Rep., 872; Nicholasville Water Co. v. Board of Council of Nicholasville, 36 S. W. Rep., 549; Bangor, &c., R. R. Co. v. Smith, 49 Maine, 9 (77 Am. Dec., 246); Macey, &c., v. Titcombe 27 (XIX) Ind. 137; Hibbs v. Western Land Co., 81 Iowa, 285 (46 N. W., 1119); Turnpike Co. v. Kelley, 41 Ohio St. Rep., 144.

L. H. CARTER AND WILLIS & WILLIS, FOR APPELLEE.

1. When a telephone plant has been built over the streets and public grounds of a city, with the acquiescence of the governing body of the city, and without consent given by the legislative enactment of such body, one who enjoined the owner from operating such plant, can not in an action on the injunction bond, rely on the failure of the city authorities to grant the privilege of building over the streets, in bar of recovery.

2. There is therefore but one question to consider, and that is whether or not the damages assessed by the jury in the court below were in excess of those which the appellant undertook to pay by the terms of the injunction bond sued on.

### AUTHORITIES CITED.

Constitution, sec. 163; East Tenn. Telephone Co. v. Anderson County Telephone Co., 22 Ky. Law Rep., 418; East Tenn. Tele-

East Tennessee Tel. Co., &c. v. Anderson County Tel. Co.

phone Co. v. City of Russellville, 21 Ky. Law Rep., 305; New Nat. Turnpike Co. v. Dulaney, 86 Ky., 516; Citizens' Gas Light Co. v. Louisville Gas. Co., 81 Ky., 263; Ency. Pl. & Pr., vol. 10, p. 1129; Am. & Eng. Ency. of Law, vol. 16, pp. 358 and 359; Hawthorne v. McArthur, 8 Ky. Law Rep., 526; Ency. Pl. & Pr., vol. 10, pp. 945 and 946; Wadsworth v. O'Donnell, 7 Ky. Law Rep., 837; 5 J. J. M., 196; 3 J. J. M., 89; 5 Ky. Law Rep., 515; Am. & Eng. Ency. of Law, vol. 10, p. 995; Hubbell v. Cole, 13 L. R. A., p. 311.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 10th day of August, 1899, the East Tennessee Telephone Company sued out an injunction against the Anderson County Telephone Company, and enjoined them from "erecting poles, posts, and other apparatus preparatory to or necessary to be used in the operation of a telephone exchange along, over, under or across the public streets, alleys, or public ways of Lawrenceburg," upon the ground that by the contract with the city of Lawrenceburg they had an exclusive franchise to establish and operate a telephone system therein. The Anderson County Company defended this suit upon the ground that the ordinance adopted by the city council granting the franchise to the plaintiff did not lie over five days, as required by section 3636 of the Kentucky Statutes, and was, therefore, void. This contention was sustained, and the East Tennessee Telephone Company's petition dismissed. See East Tennessee Telephone Co. v. Anderson Tel. Co. (22 R., 418), 57 S. W., 457. Thereupon the Anderson County Company brought this suit for damages on the injunction bond executed by the East Tennessee Telephone Company at the institution of their suit. In the first paragraph of their petition they allege "that they had authority to construct and operate a telephone line and exchange in the city of Lawrenceburg." This allegation is specifically denied in the answer, and the

defendant pleads affirmatively that the plaintiff did not, before proceeding to erect their poles in the public streets and alleys of the city for the purpose of conducting a telephone business, obtain and procure any consent of the city authorities to do so. A motion by the plaintiff to strike this allegation from the answer was overruled, and in their reply they admit this averment to be true, but allege that the city authorities made no objection to their doing so, and aver that this was no concern of the defendant, and that it had no right to rely upon the absence of such authority. The defendant moved to strike out so much of the reply as pleaded that they could not rely upon plaintiff's want of authority. This motion was also overruled, and the issues were made up by controverting the affirmative averments of the reply. The trial resulted in a judgment in favor of the plaintiff for $2,000, and the defendant has appealed.

Section 163 of the Constitution is as follows: "No telephone company shall be permitted or authorized to construct its tracks, lay its pipes or mains, or erect its poles, posts or other apparatus along, over, under or across the streets, alleys or public grounds of a city or town, without the consent of the proper legislative bodies or boards of such city or town being first obtained; but when charters have been heretofore granted conferring such rights, and work had in good faith been begun thereunder, the provisions of this section shall not apply." This section of the Constitution is mandatory, and highly important, and, as the Anderson Telephone Company failed to comply with its provisions or the statute passed pursuant thereto, it is clear that they had no right to use the streets or highways of the city of Lawrenceburg for the conduct of their bus-

iness. The question, then, arises whether they can recover damages against the East Tennessee Telephone Company because that company, by injunction, prevented them from doing an unlawful thing. The gist of the plaintiff's complaint is that they were prevented by an injunction sued out by defendant from exercising a lawful right. If they were violating the law in erecting their poles and wires upon the streets of Lawrenceburg without authority of the city authorities, the presumption is that they would have been stopped by these authorities in due course. The question raised by the defense is a new one in this State, although manifestly sound and logical on principle. And we have been cited by counsel for appellant to a number of cases which fully sustain their contention. In Bangor, etc., R. R. Co. v. Smith, 77 Am. Dec., 246, the railroad company undertook to construct a branch track of their railroad over a public highway in Oldtown. The defendant, with others, denied the right of the plaintiffs to construct the branch track as claimed by them, and interfered and prevented it. After this interference the railroad company brought suit, setting forth their right to construct such track, and that by the acts of the defendant they were prevented from constructing it. When this case was brought to the Supreme Court of Maine, it was held that plaintiffs did not have legal authority to construct their track in the way and manner proposed by them. The court then said: "Undertaking what by law they were not authorized to do, and what, if done, would have been the proper subject of an indictment, they were prevented by the defendant from executing their unlawful purpose. The action, then, is one in which the plaintiffs claim damages because they were prevented from doing an illegal act, and for which, if done,

those engaged in its commission would have been criminally punishable. It is difficult to perceive how the prevention of an offense constitutes a valid cause of action on the part of the would-be offender, who is interfered with in the commission of his intended offense. It is still more difficult to understand how any damages can have been sustained by reason of such interference. . . . The right to lay the branch track was asserted by the plaintiffs and denied by the defendant. It was the only question at issue between these parties. The plaintiffs attempted what they were not authorized to do, and the defendant resisted, and the court affirmed the propriety of that resistance. If the defendant entered wrongfully on the land of Gen. Veazie, and thus were prevented the further prosecution of the plaintiff's undertakings, it may be a trespass for which he would be liable to the owner of the soil; but such is not the subject of this suit, nor is this an action of trespass. If the defendant violently interfered with the laborers in the plaintiffs' employ before the branch track they were laying had reached the public highway, he may be liable to them severally for any assault he may have committed; but the declaration in this case discloses no such cause of action. The prevention of the doing of an unlawful and unauthorized act does not per se constitute a good cause of action on the part of the would-be incipient wrongdoer, and that is the whole of the plaintiffs' case. Plaintiffs nonsuit." In Macey v. Titcombe, 19 Ind., 137, plaintiffs brought suit to enjoin certain contractors from executing a contract with the city, and obtained an injunction, which was dissolved. Thereupon suit was brought against them on the bond. The court held that, to constitute a cause of action on the bond, the plaintiff must show

that he had a lawful contract for the improvement of the street with the city. The complaint alleged that the improvement had been ordered by the city council, and that a contract had been entered into with him for making it; but it failed to show that there had been advertisement for bids, and without such advertisement the contract was void. The court said: "The plaintiff in a suit on an injunction bond must show a legal contract to have been enjoined." In Hibbs v. Western Land Co., 81 Iowa, 285, 46 N. W., 1119, the petition in an action for damages on an injunction bond alleged that the defendant caused an injunction to be issued restraining plaintiff from trespassing on certain real estate, and that he was put to great trouble and expense defending the wrongful issuance of such an injunction, and in obtaining its dissolution, but did not set up what ground the injunction was issued upon, nor upon what ground it was dissolved, nor that the plaintiff was thereby prevented from the exercise and enjoyment of some legal right to which he was entitled. It was held bad on demurrer, the court saying: "In order to recover damages on an injunction bond, it is necessary -that it should appear that the plaintiff was prevented by the injunction from exercising or enjoying some right or privilege which he desired to exercise, and which he was entitled to enjoy. If the injunction in this case deprived the plaintiff herein of any right, or restrained him from taking possession of land to the possession of which he had a right, and the possession was of some value, we think he might maintain an action on the bond. The condition of the injunction bond is that the obligors will pay the damages sustained by reason of the injunction. The gist of the action is damages sustained by being deprived of some right.

The petition does not contain any averment that such damages were sustained, and we think the district court correctly sustained the demurrer." In Turnpike Co. v. Kelley, 41 Ohio St., 144, the company incorporated under the Ohio laws in 1857, and constructed a turnpike from the city of Cincinnati to the village of Warsaw, and established a tollgate at a point more than 80 rods from the city limits. In December, 1869, the city limits were legally extended so as to include the tollgate, but the company continued to collect tolls, when in 1875 Kelley sued out an injunction forbidding the further taking of toll at said gate, and gave bond with sureties conditioned as required by the statute. The final judgment found "the equity of the case to be with the defendant," and dismissed the action. The company sued on the bond. The answer denied that the injunction prevented the collection of any lawful tolls. It was held that, notwithstanding the judgment in the injunction suit, the company could not recover as damages tolls that it could not lawfully have collected if the injunction had not been granted under the statute:

A suggestion by counsel we think admirably illustrates the soundness of the rule. Suppose, says he, that an administrator of an estate, finding some person about to commit waste by cutting down and carrying off valuable timber trees, were to procure an injunction, and give bond to answer in damages, which should be dissolved on the ground that an administrator had nothing to do with the real estate of his decedent. Can it be claimed that the defendant in such case could bring a suit against the administrator and his surety on the injunction bond, showing that, if he had not been enjoined, he could have cut down and carried off $2,000 worth of trees? In the former suit it was decid-

ed that appellant could not enjoin appellee from erecting its plant in Lawrenceburg upon the sole ground that its contract with the city for an exclusive franchise was void for failure on the part of the city to comply with the statute in the passage of the ordinance granting the right. The rights of the Anderson County Telephone Company were not passed upon at all. In this action they can only recover upon the ground that they were prevented by an injunction sued out by appellee from exercising a lawful right to occupy the streets of the city with their plant. As it is conclusively shown they had no such legal right, but were mere trespassers, they have no standing in court. For reasons indicated, the trial court should have peremptorily instructed the jury to find a verdict for the defendant.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting.