## Eastern Kentucky Home Telephone Company, et al. v. Hatcher, et al.

### (Decided October 13, 1915.)

### Appeal from Pike Circuit Court.

1. **Municipal Corporations—Passage of Ordinance Creating Franchise.**—Under Section 3636 of the Kentucky Statutes, which provides that no ordinance or resolution granting a franchise shall be passed by the city council on the day of its introduction, nor within five days thereafter, nor at any other than a regular meeting, an ordinance creating a franchise, introduced into the

city council of a city of the fifth class on April 2nd, 1906, and
passed by the council at the same meeting, was invalid, and the
purchaser of the franchise under the ordinance so passed
acquired no franchise rights.

2.  Municipal Corporations—Ordinance Creating Telephone Fran-
chise.—Where a municipal ordinance creating a telephone fran-
chise was introduced into the council on April 2nd, 1906, and
passed by that body on the same day, it was invalid, and was not
cured by a subsequent ordinance, of substantially the same pur-
port and effect, introduced into the council on May 7th, 1906, and
passed on that day.

J. J. MOORE for appellants.

STRATTON & STEPHENSON and J. P. HOBSON & SON for ap-
pellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—
Overruling motion to dissolve injunction.

James, John H., and Richard Hatcher, as plaintiffs,
brought this action against the Eastern Kentucky Home
Telephone Company (hereinafter called the company for
brevity) and N. Starkey, the sole owner of said company,
for a mandatory injunction, requiring them to remove a
guy pole and a guy wire running therefrom to a telephone
pole planted on the main street of Pikeville, a city of the
fifth class, and in front of plaintiffs' store, so as to greatly
narrow the sidewalk and interfere with its proposed im-
provement to the curb line of the street

The circuit judge granted the injunction, and required
the company to remove the telegraph pole, the guy pole,
and the guy wire, for the double reason that the planting
of the pole and iron guy rod in front of the entrance of
the Hatcher building was an unreasonable interference
with the use of their property, and the ordinance under
which the telephone company operated was invalid.

The company has applied to me for a dissolution of
the injunction; and, on account of the importance of the
questions involved, all the judges of the court heard the
argument, and concur in the conclusions reached.

The essential facts bearing upon this controversy are,
briefly, as follows:

The plaintiffs own two lots facing on Front Street
and extending back to the Big Sandy River, upon which
there is a business house. In making certain changes in
connection with the removal of its exchange from Front

Street to a ·building on Grace Avenue, the company set a telegraph pole near the curb of the street in front of the Hatcher store. It also placed an iron guy rod between the pole and the store, and about six feet from the pole; and, from this iron guy rod it ran a guy wire to the pole for the purpose of bracing it. As the distance from the Hatcher property line to the curb of the street is about twelve feet, the iron guy rod, being placed about midway of that distance, forms an obstruction to the outer six feet. The inner six feet of this front is now occupied by a brick sidewalk; but, since the property owners upon the adjoining square have located their sidewalks along the curb line, the Hatchers purposed to construct a new sidewalk along the curb line in front of their property, in order that the sidewalks in the neighborhood might be uniformly located along the curb line. From what has been above stated, however, it is apparent that the telegraph pole and the guy wire will effectually obstruct a sidewalk, if built along the curb stone; and this is the principal complaint in this action.

Two propositions were presented upon the argument; (1) that the ordinance under which the defendant is operating is invalid; and (2) if it is valid, the use the company has made of the sidewalk is an unreasonable one.

Taking up the first question, it appears that the franchise under which the telephone company is operated was bought by John F. Butler from the city of Pikeville under an ordinance passed April 2nd, 1906; and, the rights thereby acquired were subsequently assigned by Butler to Starkey, the present owner and operator of the telephone company.

Section 3636 of the Kentucky Statutes, provides as follows:

"No ordinance, and no resolution, granting any franchise for any purpose, shall be passed by the city council on the day of its introduction, nor within five days thereafter, nor at any other than a regular meeting, &c."

This section was passed pursuant to section 164 of the Constitution, which provides:

"No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years. Before granting such franchise or privilege for a term of years, such municipality shall first, after due advertise-

ment, receive bids therefor publicly, and award the same to the highest and best bidder; but it shall have the right to reject any or all bids. This section shall not apply to a trunk railway.''

The ordinance creating the franchise under which the telephone company is operating was introduced into the city council of Pikeville on the 2nd day of April, 1906, and was passed by the council on the same day.

Acting under this ordinance, the court's commissioner sold the franchise therein granted to Butler, who thereafter assigned his bid to the Eastern Kentucky Home Telephone Company. Subsequently, on May 7th, 1906, the city council of Pikeville passed an ordinance approving and confirming the sale of the franchise by the commissioner to Butler; and, after reciting the assignment by Butler to the company, the ordinance of May 7th, further provided as follows:

''Now, in pursuance to said transfer from said J. F. Butler to the Eastern Kentucky Home Telephone Co., be and it is hereby granted the right, privilege, authority, and franchise to erect, operate and maintain lines of telephone and telegraph, including the necessary poles, fixtures and electrical conductors upon, along and over the public roads, streets and highways of the city of Pikeville, for a period of twenty years as the business of the purchaser, successors and assigns may, from time to time, require.''

The second clause of the ordinance, above quoted, as well as the succeeding five clauses thereof which relate to the details of the construction of the telephone system, the charges it shall be authorized to make, &c., are but repetitions and copies of similar clauses in the original ordinance of April 2nd, 1906. But this ordinance of May 7th, 1906, was also passed by the city council on the same day of its introduction into that body.

It is contended by counsel for the plaintiffs that the original ordinance of April 2nd, 1906, is void, because it vioated section 3636 of the Kentucky Statutes, *supra,* in that it was passed by the city council on the same day of its introduction, and did not lie over five days thereafter, as is required by the statute.

The company attempts to avoid this criticism of the ordinance of April 2nd, by relying upon the ordinance of May 7th, 1906, above referred to, which passed the council on that day, and granted the franchise to appellant

pursuant to the ordinance theretofore introduced on April 2nd; and, in support of this contention, the company relies upon Cumberland Telephone & Telegraph Co. v. Hickman, 129 Ky., 220. In other words, the company would treat the two ordinances as one ordinance which was introduced into the city council on April 2nd, 1906, and passed by that body on May 7th, 1906.

We do not, however, understand that the case of Cumberland Telephone & Telegraph Co. v. Hickman, above relied on, justifies this procedure.

In that case certain promoters asked that they be permitted to install a public telephone exchange within the municipality. Their proposition was submitted to an extra session of the council, held on August 16th, 1894, for the purpose of considering the proposition. The council determined to grant the franchise and directed its clerk to advertise a public sale of the franchise, on September 3rd, 1894, which was the date of the next regular meeting of the council.

Furthermore, at the meeting on August 16th, there was introduced an ordinance setting forth the terms of the telephone franchise to be granted, and this ordinance was laid over until the next meeting, to be held on September 3rd. The sale was made as advertised, and the bid having been reported to the council for its action, on September 3rd, 1894, it was accepted by the council, which thereupon unanimously passed the ordinance which had theretofore been introduced on August 16th, creating the franchise.

While the ordinance accepting the bid of the purchaser of the franchise was passed on September 3rd, the same day it was introduced, the initial ordinance creating the franchise was introduced on August 16th, and was adopted at the regular meeting held on September 3rd, 1894.

It will thus be seen that the initial ordinance in the Hickman case had laid over more than the necessary five days from its introduction into the city council, as is required by section 3636 of the statutes, *supra.*

In the case at bar, however, the ordinance creating the franchise was introduced into the city council on April 2nd, 1906, and was passed and approved at the same meeting. It did not lie over for five days after its introduction, as required by the statute, *supra,* or for any period of time.

The ordinance of May 7th, 1906, accepting the bid of Butler, evidently attempted to cure the defect connected with the passage of the ordinance of April 2nd, 1906, by attempting to regrant a franchise to the purchaser, substantially identical in terms with the franchise theretofore granted by the ordinance of April 2nd, 1906; but this curative ordinance of May 7th, 1906, is subject to the same criticism as to its passage, that is made against the ordinance of April 2nd, 1906. They cannot be treated as one ordinance introduced on April 2nd, and finally passed on May 7th, because they are two separate and distinct ordinances; and although they have several provisions which are substantially alike, they are not identical and do not purport to be the same ordinance.

In the Hickman case the court held, in strict accordance with the terms of the statute, that the ordinance creating the franchise must lie over five days after its introduction into the city council. It also held that the ordinance or resolution accepting the bid and formally granting a franchise to the purchaser could be passed at the same meeting at which it was introduced into the council. In other words, the court there held that while the statute required the ordinance *creating* the franchise to lie over five days after its introduction into the council before it was finally passed, the statute nevertheless permits the ordinance accepting the bid of the purchaser and formally granting the franchise to him, to be passed at the session of its introduction.

But all this is quite different from the method followed in the case at bar, since the initial ordinance of April 2nd, 1906, creating the franchise did not lie over five days, and consequently was passed in violation of the express terms of the statute, which are mandatory. East Tenn. Tel. Co. v. Anderson County Tel. Co., 22 Ky. L. R., 418; 57 S. W., 457; Ib. 24 Ky. L. R., 2358, 74 S. W., 218, 115 Ky., 488; Maraman v. Ohio Val. Tel. Co., 25 Ky. L. R., 785; McQuillin's Munic. Corp., Sec. 688.

Franchises of this character are of great public interest, in which almost every citizen of the community is directly concerned. The purpose of the statute was to protect that interest, by giving every one an opportunity of knowing what is being done, and to be heard before the franchise is granted. This can only be done by carrying out the statute according to its unmistakable terms.

The second invalid ordinance cannot serve to make valid the first invalid ordinance.

The ordinance under which the company obtained its franchise, is invalid; and the company, therefore, had no right to plant its pole, guy rod, and guy wire in the streets of Pikeville.

The motion to dissolve the injunction is overruled.