## Town of Hodgenville et al. v. Gainesboro Telephone Company, Incorporated.

(Decided January 13, 1931.)

(As Modified on Denial of Rehearing March 24, 1931.)

WILLIAMS & HANDLEY for appellants.

JAMES & JAMES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—Affirming.

On June 1, 1925, the town of Hodgenville, by ordinance, granted a franchise to the Gainesboro Telephone Company which authorized it to maintain and operate a system of telephones in the town. Pursuant to the authority thus granted, the telephone company innstalled a system of telephones in the town, and has since been engaged in the business of operating telephones therein.

Later the city council of Hodgenville enacted an ordinance providing for an occupation tax which should be imposed upon persons, firms, and corporations engaged in certain occupations. One of the occupations was "engaging in the business of operating or carrying on a telephone exchange whereby telephone messages are received and transmitted or exchange service is furnished from a central station office for the public." The tax on that particular occupation was fixed at $50 annually. A penalty of $5 for each day the tax should remain unpaid after it became due was provided.

Appellee declined to pay the tax for two years, whereupon the town instituted a suit to recover the amount of the tax due with penalties. The telephone company defended on the ground that it had been granted a franchise by the town, and that it was a franchise tax paying corporation, and had actually paid a franchise tax to the city for the years mentioned in the petition seeking to recover the occupation tax. The town, weakly opposing that position, attempted to build a defense upon

the idea that the franchise which it had granted to the telephone company was invalid, and because of that invalidity, for reasons alleged, the telephone company had no franchise and could not defend on the ground that it was a franchise tax paying corporation.

It has been held in a number of cases that a corporation having a valid franchise and the privilege of doing business in a town or city, and having paid a franchise tax, cannot be again taxed by the municipality for the privilege of conducting its business therein. Probably the leading case is that of American Railway Express Co. v. Com., 187 Ky. 241, 218 S. W. 453, 219 S. W. 427, but other cases so holding are Cumberland Telephone & Telegraph Co. v. Hopkins, 121 Ky. 850, 90 S. W. 594, 28 Ky. Law Rep. 846; Cumberland Telephone & Telegraph Co. v. City of Calhoun, 151 Ky. 241, 151 S. W. 659; Adams Express Co. v. Boldrick, 141 Ky. 111, 132 S. W. 174. This case falls within the rules and principles announced in those cases, and it follows that the town of Hodgenville was without authority to impose such a tax on the telephone company unless the contention made by the town that the franchise was invalid is properly raised and meritorious. Counsel for the town have filed a brief evidencing care in its preparation and an understanding of the importance of presenting strongly the points contended for. The town of Hodgenville admits that it sold, or attempted to sell, a franchise which was accepted as valid by the telephone company, and that both the city and the company have acted upon the assumption that the franchise contract was valid. The town is now in the position of trying to get away from the contract which it made, and for its own advantage. The telephone company has made the reports required by law, and the franchise assessment has been made, certified to the city, and the taxes paid. It has paid taxes, therefore, on its physical, as well as its intangible property to the town of Hodgenville. The question is whether the town of Hodgenville has the right to attack the validity of the franchise in this suit, and, if so, whether the grounds of attack should be sustained.

It may be conceded that, where the operator of a public utility in a town has not obtained a franchise to do so in accordance with the provisions of sections 163 and 164 of the Constitution, and is a mere lisensee or trespasser, the town has the authority to impose an oc-

cupation tax on the operator. This question was recently discussed in the case of Hardin County Telephone Co. v. City of Elizabethtown, 227 Ky. 778, 14 S. W. (2d) 162. But the case now before us does not fall within the rule therein announced. Here the franchise was actually granted by the city, but it is contended that the steps taken were not such as is required by the Constitution and laws of the state, and that the failure to take proper steps rendered the franchise void, and that the city may, at its election, so treat it. But the company is actually in the possession of the franchise and exercising the privileges therein granted. If, however, the franchise was not granted in accordance with the provisions of the sections of the Constitution and the charter of cities of the sixth class, it was void at the time it was granted, and the company becomes a mere licensee. If the company is a mere licensee, no franchise tax should have been assessed, and the payment of such tax was not such as would relieve it from the payment of the occupation tax now in controversy. It was held in the case of Eastern Kentucky Home Telephone Co. et al. v. Hatcher et al., 166 Ky. 176, 179 S. W. 7, that a franchise granted pursuant to an ordinance not passed in accordance with the statute was void. It was held in the case of City of Princeton et al. v. Princeton Electric Light & Power Co., 166 Ky. 730, 179 S. W. 1074, that an ordinance of a city council granting a franchise for a term of years without due advertisement and without receiving bids therefor publicly was void. It appears to be well settled that in the granting of a franchise the Constitution and the laws must be substantially complied with or the grant is void. In the case before us, the ordinance granting the franchise is attacked on a number of grounds.

The first ground relied on is that there was not a sufficient consideration for the granting of the franchise. It is made to appear by the records of the board of trustees that the franchise was sold at public auction, and that $30 was paid therefor. It is common knowledge that the sale of such franchises in cities of the sixth class rarely bring more than the cost of advertising. The franchise is not exclusive, and the primary purpose of granting the franchise is not to obtain revenue, but to give the city reasonable control over the service and terms of service. It was so held in the case of Louisville Home Telephone Co. v. City of Louisville, 130 Ky. 611, 113 S. W. 855.

The next ground relied on for holding the franchise invalid is that there was no sufficient advertisement. The ordinance provided that the sale should be advertised in two issues of the county paper for ten days and by posting notices, and it is agreed that the sale was advertised as provided in the ordinance. It was held in the case of Gathright v. H. M. Byllesby & Co. et al., 154 Ky. 106, 157 S. W. 45, that there is no statutory or constitutional provision defining what is meant by "due advertisement," and that, in the absence of some statutory provision upon the subject, the matter is one that addresses itself to the discretion of the council. The advertisement for the sale of the franchise in accordance with the provisions of the ordinance was sufficient.

It is next insisted that the advertisement did not designate the place of sale, but the ordinance required that the place of sale should be advertised, and it is stipulated that the advertisement was in accordance with the ordinance. It is urged that the sale was advertised to take place before the door of the meeting place of the trustees of the town. There does not appear to be anything to show where the board of trustees met, but the town of Hodgenville is a small town, and the citizens doubtless were aware of the meeting place of the board without stating in the advertisement where the board met. It is not customary to state in advertisements where the courthouse is located when the sale is to take place at the door of the courthouse.

The ordinance directed that the sale should be made by the town marshal or some other person designated, and some question is made because the report of sale does not show that the sale was made by the town marshal. It is presumed, nothing else appearing to the contrary, that the terms of the ordinance were carried out, and that the town marshal made the sale. That is not a ground for declaring the ordinance granting the franchise invalid. Bates v. Monticello, 173 Ky. 244, 190 S. W. 1074.

The next ground urged against the validity of the ordinance is that it was passed at a special meeting. Section 3699, Ky. St., prohibits the passage of an ordinance granting a franchise except at a regular meeting of the board. Section 3696, Ky. Stats., requires the board of trustees of a town of the sixth class to hold a

regular meeting once in each month at a time to be fixed by ordinance, and authorizes the calling of special meetings by the chairman, or by three members of the board by written notice delivered at least three hours before the time specified for the meeting. The first Monday in each month was fixed as the regular meeting. At the regular meeting in May, which was held on May 4th, an ordinance was proposed for the sale of a franchise. This ordinance is full and complete, and it appears to have been regularly introduced at that time. The next regular meeting was held on the 1st day of June, when only four of the members of the board were present. A motion was made that the telephone franchise should be adopted and advertised for sale. The motion was carried, and all the members present voted for it. A copy of the ordinance as it should appear in the advertisements was set out in full at that meeting. The ordinance was approved by the chairman of the board and the clerk. The ordinance appears to have been duly and regularly adopted at that time, and, after that had been done, there was a motion made and carried that the meeting be continued until June 8th to take up matters of receiving bids for oiling the streets and any other business that might be deemed necessary to be taken up at the adjourned meeting. The board met on the 8th of June and adjourned over until the 16th to take up certain questions in regard to the telephone franchise to be offered for sale on June 16th. At the meeting on June 16th nothing was done touching the matter of the franchise except to receive the bid which had been made by the telephone company, and there is a report showing that the bid was received, the money paid, and the bid accepted, and the sale was confirmed. It appears clear from what has been said that the ordinance was adopted at the regular meeting in June. We find no merit in the contention, therefore, that the ordinance was enacted at the same meeting at which it was introduced. The ordinance granting the franchise was enacted at the regular meeting in June, which was a proposition to any bidder that the ordinance should be binding if a satisfactory bid should be made for it and accepted. Counsel for the telephone company rely on the case of Maraman v. Ohio Valley Telephone Co., 76 S. W. 398, 25 Ky. Law Rep. 784. In that case the ordinance authorizing the sale of the franchise was introduced and adopted on the same meeting night. Later the sale was made and re-

ported and accepted on the same meeting night. The court did not determine which of the ordinances granted or attempted to grant, the franchise, but held, if granted by the ordinance at either meeting, it was void, because neither was held in accordance with the law. In the case of Eastern Kentucky Home Telephone Co. et al. v. Hatcher et al., supra, the ordinance was held void because it was passed on the same day that it was introduced. The court took occasion to say in that opinion that the ordinance introduced and passed at the same meeting was the ordinance creating the franchise. If that is true, the order accepting the bid is not the ordinance creating the franchise, but the court went further and pointed out the distinction between creating a franchise before sale and after the sale. The opinion fully sustains the validity of the ordinance granting the franchise by the town of Hodgenville. The judgment of the lower court was to the effect that the ordinance granting the franchise was valid, and that an occupation tax could not be imposed in addition to the other taxes, and in that conclusion we concur.

Judgment affirmed.

Judge RICHARDSON, not sitting.