

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Syrian E. Marbut
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. 0-6000
Re: Whether Art. 6626 V.A.C.S.,
as amended, repealed Art.
974a, V.A.C.S., in regard
to whether a county clerk
may file for record a plat
and/or map of any addition
to a city having a popula-
tion of 25,000 inhabitants,
or more; where said land is
situated within five miles
of the city, unless such
plat and/or map has been ap-
proved by the City Planning
Commission or governing body.

Your letter of June 26, 1944, requesting the opinion
of this department on the question stated therein, is as
follows:

"I have been requested by Marlin R. Smith, Jr.,
City Manager of the City of Lubbock, to secure from
you an opinion upon the following question, towit:

'Has Article 6626, as amended, repealed
Article 974a, in regard to whether a County
Clerk may file for record plat and/or map of
any addition to a city having a population of
25,000, or more, and where said land is situ-
ated within five miles of the city, unless
such plat and/or map has been approved by the
City's Planning Commission or governing body.'

"It is my opinion that the case styled Thawalter,
County Clerk, Vs. Schaefer, 179 SW 2nd, 765, opinion by
the Supreme Court of the State of Texas, holds that
Article 6626 has repealed Article 974a, in regard to
the City Planning Commission or the governing body of
said city of 25,000, or more, having first to approve
such plat and/or map of an addition to the city, wherein

such addition is within the five mile radius,
as described by Article 974a, however, having
been requested by the City Manager, Mr. Smith,
to secure your opinion on same, I am herewith
requesting such opinion."

Art. 6626, Vernon's Annotated Civil Statutes,
provides:

"The following instruments of writing which
shall have been acknowledged or approved accord-
ing to law, are authorized to be recorded, viz:
all deeds, mortgages, conveyances, deeds of trust,
bonds for title, covenants, defeasances or other
instruments of writing concerning any lands or
tenements, or goods and chattels, or movable prop-
erty of any description; provided, however, that
in cases of subdivision or re-subdivision of real
property, no map or plat of any such subdivision
or re-subdivision shall be filed or recorded unless
and until the same has been authorized by the Com-
missioners' Court of the County in which the real
estate is situated by order duly entered in the
minutes of said Court, except in cases of partition
or other subdivision through a court of record; pro-
vided, that within incorporated cities and towns the
governing body thereof, in lieu of the Commissioners'
Court shall perform the duties hereinabove imposed
upon the Commissioners' Court."

Art. 974a, V.A.C.S., among other things, provides in
effect that maps or plats of subdivisions shall be approved by
certain named authorities of cities and towns of 25,000 inhabi-
tants, or more, if the land represented by such maps or plats
is situated within the corporate limits of such municipalities
or within five miles thereof.

The Supreme Court in the case of Trawalter vs. Schaefer,
179 S. W. 7, 765, construing Articles 974a and 6626, V.A.C.S.,
said:

"It appears that the land represented by this
map or plat is located within five miles of the
corporate limits of San Antonio, Texas, a city of
more than 25,000 inhabitants. It also appears
that this map or plat has been approved by the

governing body of such city, and that such city
has no planning board or commission. Schaefer
contends that these facts entitle this map or
plat to be filed and recorded, because such mat-
ter is governed by the applicable provisions of
Art. 974a, V.A.C.S., Acts 1927, supra, and not
by Art. 6626 as amended, supra. Trawalter con-
tends that Art. 6626, as amanded by the 1931 Act,
has operated to repeal the extraterritorial pro-
visions of Art. 974a, Acts 1927. We are in accord
with Trawalter's contention. Art. 974a, Acts 1927,
provides that maps or plats of subdivisions, such
as the one here involved, shall be approved by cer-
tain named authorities of cities and towns of
25,000 inhabitants, or more, if the land represented
by such maps or plats is situated within the coppxxte
limits of such municipalities or within five miles
thereof. Art. 6626, Acts 1931, by its very plain
language provides that no map or plat of any sub-
division of land shall be filed or recorded until
such filing and recording has been authorized by the
Commissioners' Court. Art. 6626, Acts 1931, then
excepts from its general provisions, maps or plats
of subdivisions situated within the corporate limits
of cities and towns, and maps or plats of subdivisions
authorized by courts of record. It is plainly evident
that the exception to Art. 6626, Acts 1931, regarding
maps or plats of land situated within the corporate
limits of cities and towns operates to keep in force
the provisions of Article 974a, Act 1927, in so far
as such last mentioned Act covers maps or plats of
land situated within the corporate limits of the cities
and towns mentioned therein, but it does not operate
to preserve or keep in force such Act in so far as it
covers extraterritorial lands. Certainly had the
Legislature intended such a construction to be given
Art. 6626, Acts 1931, it would have included lands within
five miles of cities and towns of 25,000 inhabitants
or more, in the language of the exception.

"Even if it should be held that Art. 6626, Acts 1931,
has not repealed the extraterritorial provisions of Art.
974a, Acts 1927, then maps or plats of lands located
within five miles of the cities and towns containing
25,000 inhabitants, or more, would be included within
the provisions of both Acts, and in such instances, both
Acts would have to be complied with. We hardly think
that such was the intention of the Legislature; and yet
this conclusion would be inescapable if it should be held
that Art. 6626, Acts 1931, has not repealed the extra-

territorial provisions of Art. 974a, Acts 1927. At this point we wish to say that we express no opinion as to the validity of the extraterritorial provisions of Art. 974a, Acts 1927. Hollis v. Parkland Corporation, 120 Texas, 531, 40 S. W. 2d 53."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that Article 6626, Vernon's Annotated Civil Statutes, as amended, repeals Article 974a in so far as Article 974a pertains to maps or plats of land situated within five miles of the corporate limits of cities of 25,000 inhabitants, or more, but being situated outside of the corporate limits of such towns or cities. In other words, the City Planning Commission or other governing body of cities containing 25,000 inhabitants, or more, has no authority to approve or disapprove plats and maps of land where such addition is within the five mile radius as described by Article 974a, but is outside the corporate limits of such towns or cities. Art. 974a covers maps or plats of lands situated within the corporate limits of cities and towns mentioned in said statute, but it does not operate to preserve or keep in force such act in so far as it covers extraterritorial lands. In cases of subdivision or re-subdivision of real property, no map or plat of any such subdivision or re-subdivision shall be filed for record unless and until the same has been authorized by the Commissioners' Court of the county in which the real estate is situated by order duly entered in the minutes of said court, except in cases of partition or other subdivision through a court of record, or within incorporated cities and towns, the governing body thereof, in lieu of the Commissioners' Court, shall perform the duties imposed by Article 6626 upon the Commissioners' Court.

We agree with the opinion expressed in your letter pertaining to the question under consideration and believe you have correctly advised the City Manager regarding the same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JUL 6, 1944

AW:rt

(ACTING) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN