## SHIELDS et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. CONTRACTS—CONSTRUCTION—EXTRA WORK.

A contract between plaintiffs and defendant city for making repairs to a steamboat provided that defendant should appoint an inspector of repairs and supplies for the work, and that such inspector "reserves the right, at any time during the progress of the work, to order any addition thereto or omission or deviation from the work as laid down in these specifications; * * * a fair allowance will be made for the value of such addition or deviation, as the case may be"; also that "no extra work will be allowed or paid for unless the same is done on written order of the Inspector of Repairs and Supplies after an estimate of the cost of such work has been submitted by the contractor, accepted by the Police Board," etc. In an action on the contract for the value of certain work, the complaint alleged and the answer admitted that it was not extra work. *Held*, that the provisions requiring the submission of an estimate of the cost of extra work to the police board, and its acceptance by them, did not apply.

2. SAME—EXTRA AND ADDITIONAL WORK—DISTINCTION.

Under the contract, extra work was that arising outside and entirely independent of the contract—something not required in its performance —while additional work was something necessarily required in the performance of the contract, and without which it could not be carried out.

Van Brunt, P. J., dissenting.

Action by John Shields and another against the city of New York. Motion for new trial, on exceptions ordered to be heard in the first instance at the Appellate Division. Exceptions sustained, and motion granted.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. Laflin Kellogg, for the motion.
Terence Farley, opposed.

PATTERSON, J. On the trial of this action the complaint was dismissed, and it was ordered that the exceptions be heard in the first instance at the Appellate Division. The action was brought to recover the value of work and labor done, and services rendered and materials furnished, by the plaintiffs, in and upon a steamboat named the Patrol, belonging to the city of New York, and used by the police of the city. A contract, with specifications, had been made between the plaintiffs and the city of New York, in and by which certain specified work in the way of repairs was to be done for an aggregate sum of $5,750, which amount has been paid. In addition to the work required specifically by the contract, work was done and materials were furnished to the amount of $2,460.24, no part of which has been paid.

By the contract it was provided that the city should appoint an inspector of repairs and supplies for the work, whose duty it should be to inspect that work in its daily progress. He was to be the sole judge of the quality and fitness of the materials and the character of the workmanship. The contract also provided as follows: "The Inspector of Repairs and Supplies reserves the right, at any time during the progress of the work, to order any addition thereto or

omission or deviation from the work as laid down in these specifications, and the contract shall not be invalidated thereby, but a fair allowance will be made for the value of such addition or deviation, as the case may be;" also that "no extra work will be allowed or paid for unless the same is done upon written order of the Inspector of Repairs and Supplies after an estimate of the cost of such work has been submitted by the contractor, accepted by the Police Board, and the contractor must make an allowance equal to the contract price on all work and materials or fixtures omitted." It was also provided in the contract that "any work not particularly described in these specifications, but unintentionally omitted, or any work reasonably implied and evidently necessary to the complete finishing of all the work, is to be done by the contractor, without extra charge or compensation, the same as if it were herein specified"; also that "the Inspector of Repairs and Supplies shall in all cases determine the amount or quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions in relation to said work and the construction thereof, and he shall in all cases decide every question which may arise relative to the execution of this contract on the part of the said contractor, and his estimate and decision shall be final and conclusive upon said contractor." There is also a provision in the contract that, before bidding, the contractor should visit the vessel, and "satisfy himself by personal examination of the location of the proposed work, and by such other means as he may prefer, as to the accuracy of the specifications as relating to the character and quantity of the materials to be used and the alterations and improvements thereof, and shall not at any time after the submission of his proposal dispute or complain of such specifications, nor assert that there was any misunderstanding in regard to the character or amount of work to be done."

The cause of action set up in the complaint is not for the value of extra work. It is alleged in the complaint, and admitted by the answer, that such work was not extra work. Therefore the provisions of the contract requiring the submission of an estimate of cost of such extra work to the police board, and its acceptance by them, do not apply. The claim of the plaintiffs arises upon another provision of the contract—that relating to additional work. The distinction between extra work and additional work being that the former is work arising outside and entirely independent of the contract—something not required in its performance; the latter being something necessarily required in the performance of the contract, and without which it could not be carried out. The necessity for this additional work might arise from conditions which could not be anticipated, and which were not open to observation, and could not be discovered, until the specified work under the contract was actually undertaken. The right to order that additional work was reposed in the inspector of repairs and supplies, and, by the terms of the contract, a fair allowance was to be made for the value of such additions. That work was to be such as was not unintentionally omitted, and was not reasonably implied and evidently necessary to the complete finishing of all the work.

The orders for the work sued for here were given by the inspector of repairs and supplies, and, by a provision of the contract, the plaintiffs were bound to obey such orders. It was not contemplated that the additional work should be within the scope of the specifications. Nor could some of that which was done be reasonably "implied and evidently necessary" to the completion of the work, because it was not open to observation until the work under the contract was in progress. There are 36 items of work and materials sued for in this action. Some of them constitute additional work within the definition above given; others do not. Among the latter are such items as the furnishing of a ladder to the pilot house, the making and altering of boat davits, the furnishing of messroom table, the making of a bulkhead door, the turning of a forecastle companionway, and some other items. On the other hand, the furnishing of a new deck, the necessity for which could not be discovered until after the pilot house was removed, and similar items, come within the category of additional work. There can be no doubt that the orders for the work, including the materials, for the value of which this action is brought, were given by O'Brien, who was the inspector. These orders were not put in writing at the time they were given; but, after the contract was performed and the full contract price was paid, O'Brien did put them in writing, and they were certified to, also, by the police captain who was in charge of the steamboat at the time the work was done. It is unnecessary to consider the legal effect of those orders. Written orders were only required for extra work, and some of these items were not extra work, but additional work.

The exceptions should be sustained, and the motion for a new trial granted, with the understanding that the plaintiffs are entitled to recover only for such items as are distinctly additional, as distinguished from extra work; costs to plaintiffs to abide the event. All concur, except VAN BRUNT, P. J., who dissents.