CASE 58—ACTION BY CUMBERLAND TELEPHONE & TELEGRAPH CO.
AGAINST THE ROUGH RIVER TELEPHONE CO. FOR AN INJUNCTION.—
JAN. 17.

# Rough River Telephone Co. v. Cumberland Telephone and Telegraph Co.

APPEAL FROM OHIO CIRCUIT COURT—W. T. OWEN, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

TELEPHONES—MUNICIPAL CORPORATIONS—FRANCHISES—PASSAGE—VALIDITY.

Constitution, section 163, prohibits a telephone company from
erecting poles, etc., along the streets of a city or town
without the consent of the proper legislative bodies or boards
of such cities; and section 3699, Kentucky Statutes 1903, apply-
ing to cities of the sixth class, provides that no resolution grant-
ing a franchise shall be passed by its board of trustees within
five days after its introduction, or at any other than a regular
meeting. HELD, that where a resolution of a city of the sixth
class granting complainant telephone company the right to use
its streets for telephone posts, etc., was passed at a special meet-
ing of its board of trustees at which it was introduced, it was
void.

GLENN & RINGO, ATTORNEYS FOR APPELLANT.

## POINTS CONTENDED FOR.

1. Injunction does not lie where the injury complained of is
trifling or inconsequential. And where the injury can be meas-
ured in damages and the full and adequate remedy had at law,
the court will not award injunction.

2. A telephone company occupying the public streets of a town
or city is an additional burden upon the streets, and even where
it enjoys a franchise (which is not the case here) injunction
will not lie to restrain others engaged in like or similar public
enterprises from mere interference with the property or conduct
of such complaining company. Where there is no actual destruc-
tion of property but mere inconvenience, as in this case, the court
will not grant an injunction, but the parties must seek repara-

Rough River Tel. Co. v. Cumberland Tel. & Tel. Co.

tion in a court of law. Cincinnati Inclined Plane R. Co. v. City and Suburban Telephone Assn., 12 L. R. A., 534; Cumberland Tel. & Tel. Co. v. United Electric Ry. et al, 12 L. R. A., 544; Hudson River Tel. Co. v. Watervliet Turnpike & R. Co., 17 L. R. A., 674; Cumberland Tel. & Tel. Co. v. United Electric R. Co., 27 L. R. A., 236; Bronson v. Albion Tel. Co., 60 L. R. A., 426.

3. The appellee, Cumberland Telephone & Telegraph Co., has not, and never had, any franchise or right of entry upon the streets of Hartford, and is a trespasser and wrongdoer. It does not plead any title in itself to the franchise or right to occupy the streets, and it appears fully from the record that it has no such right.

4. One who invokes the aid of equity must first show a clear legal right. A court of equity will not lend its aid to a wrongdoer either to relieve him from his own situation or in an assertion of any claim growing out of his own wrongful acts. Plaintiff seeking an injunction must state a cause which rebuts all inferences against him and must show that he is in no wise at fault. "He must come into equity with clean hands," and this rule is to be strictly enforced. East Tenn. Tel. Co. v. Anderson County Tel. Co., 57 S. W., 457; East Tenn. Tel. Co. v. City of Russellville, 51 S. W., 308; Constitution of Kentucky, sec. 163; East Tenn. Tel. Co. v. Anderson County Tel. Co., 74 S. W., 218; Gilmore v. Fuller, 60 L. R. A., 286; Hall v. Coppell, 74 U. S., 542, book 19 L. Ed., 244; Hall v. Corcoran, 107 Mass.; Ency. of Plead. & Prac. vol. 10, 931 et seq.; Same, 944-946; Loudon v. Warfield, 5 J. J. M., 196; Cumberland Tel. & Tel. Co. v. Louisville Home Tel. Co., 72 S. W., 4.

R. E. LEE SIMMERMAN and G. B. LIKENS, attorneys for appellee.

POINTS AND AUTHORITIES.

1. Appellee, being first in possession, is first in law and equity. Pomeroy Eq. Jur., sec. 414.

2. Appellee, being first in point of time in the occupancy of the street, did not obtain an exclusive right to use the street, but it does have a right to use so much space as is reasonably required for the successful operation of its works, and an injunction will lie to prevent the material molestation of this right by a subsequent company. Elliott (2d ed.), Roads and Streets, sec. 827; Cumberland Tel. Co. v. Louisville Tel. Co., 78 S. W., 6; Paris Electric Light & R. Co. v. S. W. Tel. & Tel. Co., 27 S. W., 902; Am. & Eng. Ency. of Law, vol. 25, p. 764; Nebraska Tel. Co. v. York Gas Light Co., 27 Neb., 284; Keasby on Electric

Rough River Tel. Co. v. Cumberland Tel. & Tel. Co.

Wires (2d ed.), sec. 202; Noyes v. Hemphill, 58 N. H., 536, and 56 N. H., 130.

3. A court of equity will interfere and enjoin the use of the mode by which the rights of others are injuriously affected. Hickok v. Hine, 13 Am. Rep., 255; Gas Light & C. Co. v. St. Mary's Vestry, L. R., 152, B. Div. 1.

4. It is no defense to say that appellant's wires are so established that they facilitate the injury. Cook v. Chaplain, Cal. 1st Denio, 91; Fero v. Buffalo, S. L. R., 22 N. Y., 209.

5. A multiplicity of suits must necessarily follow before adequate compensation could be awarded for such continual invasion of appellee's property rights. High on Inj., 708; Kreneger v. Wisconsin Tel. Co., 50 L. R. A., 298, 81 N. W., 1047; Donovan v. Allert, 58 L. R. A., 775; McCloskey v. Daugherty, 97 Ky., 300.

6. The license granted by the town of Hartford to appellee is not a nullity, but is good as far as it goes, especially if the consideration for the grant consists in the public duty which the company assumes. N. W. Tel. Exchange Co. v. Minneapolis, 53 L. R. A., 175; Bell Tel. Co. v. Warwick, 185 Pa., 623; Louisville Trust Co. v. Cincinnati; Rutland Elec. Light Co. v. Marble City Elec. Light Co., 20 L. R. A., 821; Cooley Const. Lin. (5th ed.), sec. 337; Coast Line R. Co. v. Savannah, 30 Fed., 649; Hockett v. State, 105 Ind., 250, 5 N. E., 721.

7. And when such grant is accepted and acted upon by the company which requires an outlay of money and labor to subserve the public interests of its citizens, it becomes a contract between the city and the corporation who relied upon it, and the grantee can not be arbitrarily deprived of the rights thus secured. Certainly not without due process of law. Cincinnati St. R. Co. v. Smith, 29 Ohio St., 292; N. O. Waterworks Co. v. Rivers, 115 U. S., 675; St. Paul v. Chicago, M. & St. P. R. Co., 63 Minn., 330, 34 L. R. A., 184.

8. The municipality, in granting the appellee the right to use its streets, so far as it possessed the power to do so, and thus furnishing its citizens the convenience of intercommunication, exercised a business power by which it may be firmly bound. Ill. Trust & Savings Bank v. Kansas City, 34 L. R. A., 518; National Foundry and Pipe Works v. Oconto Water Co., 52 Fed., 34; Indianapolis v. Ind. Gas Light and Coke Co., 66 Ind., 396; New York v. Second Ave. R. Co., 32 N. Y., 261; Safety Insulated Wire and Cable Co. v. Baltimore, 13 C. C. A., 375; San Francisco Gas Co. v. San Francisco, 9 Cal., 469; Cincinnati v. Cameron, 33 Ohio St., 367.

9. Constitutional protection is not to be meted out in cases where pecuniary damages are large and denied if they are small. Donovan v. Allert, *supra;* Collen v. Columbus Edison Electric Light Co., 58 L. R. A.

10. One who receives its license or grant from the city to operate its system of telephones, it is impliedly agreed to operate it in such a way as not to affect the rights of others. Port Jarvis v. First Nat. Bank, 96 N. Y., 557.

11. And if there are two modes in which the work can be done, one of which will create a nuisance and the other not, they are bound to choose the method which will obviate the nuisance. Wood, Nuisance, 784-785; Weideman v. N. Y. Elev. R. Co., 114 N. Y., 462.

12. The rule that both parties to an *ultra vires* contract are *in pari delicto*, and therefore a court of equity will not interpose to restore to one of them rights which it has thus parted with, is inapplicable to a municipal corporation whose trustees attempt to make an invalid grant. See 56 Fed. Rep., 867.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

The appellee, a corporation, was operating a telephone line over and along one of the public streets of Hartford, Ky., a city of the sixth class. The appellant, also a corporation, in placing poles along the same street for the purpose of erecting a telephone line, so stationed one of the poles, in the language of the petition, "that it displaces plaintiff's wires, and jams and bunches them together, so that plaintiff's exchange and system of telephone are greatly disarranged, and their service greatly hindered, and rendered worthless to many of plaintiff's subscribers, and will result in the loss of many of plaintiff's patrons if the wrongs complained of are allowed to be continued." The issues being made up, the court, by final judgment, awarded a perpetual injunction in accordance with the prayer of the petition. From this judgment appellant has appealed.

In the pleadings the right of appellee (plaintiff) to operate its line over the public highway of Hartford was placed in issue, and the view we have taken of this question renders unnecessary the consideration of any other question in the case.

Section 163 of the Constitution prohibits, among other

things, the erection by a telephone company of "its poles, posts, or other apparatus, along, over, under, or across the streets, alleys, or public grounds of a city or town without the consent of the proper legislative bodies or boards of such cities or towns being first obtained. . . . Section 3699 of the Kentucky Statutes of 1903 (charter of cities of the sixth class) provides as follows: "No order or resolution granting any franchise shall be passed by the board of trustees within five days after its introduction, nor at any other than a regular meeting. . . ." Whatever rights appellee had in the streets of Hartford were obtained under the following resolution of its board of trustees, as appears from Exhibit A, filed by it:

"Special Meeting of the Board of Trustees of the Town of Hartford, Ky., Sept. 1st, 1898. The Cumberland Telephone & Telegraph Company made application for the privilege to set their posts and run their telephone lines through the streets of Hartford, Ky., which privilege was granted. Attest: W. G. Hardwick, Clerk Board of Trustees, Town of Hartford, Ky."

It will be observed that this resolution violates the charter of the municipality in two ways: First, it was not required to lay over five days from the time it was introduced before its passage; and, second, it was passed at a special meeting of the board. It was, therefore, void, and conferred no right whatever upon appellee. East Tennessee Telephone Co. v. Anderson County Telephone Co., 57 S. W., 457, 22 Ky. Law Rep., 418; Same v. Same, 74 S. W., 218, 24 Ky. Law Rep., 2358; and Maraman v. Ohio Valley Telephone Co., 76 S. W., 398, 25 Ky. Law Rep., 784. In the second case cited, after quoting section 163 of the Constitution, the court, speaking through Chief Justice Burnam said: "'This section of the Constitution is mandatory and

highly important, and, as the Anderson Telephone Company failed to comply with its provisions, or the statute passed pursuant thereto, it is clear that they had no right to use the streets or highways of the city of Lawrenceburg for the conduct of their business." Then, after discussing numerous authorities, it is said: "In this action they [the Anderson County Telephone Company] can only recover upon the ground that they were prevented by an injunction sued out by appellant from exercising a lawful right to occupy the streets of the city with their plant. As it is conclusively shown, they had no such legal right, but were mere trespassers, they have no standing in court." The infirmity in the title to the franchise in each of the cases above cited was the same as in the case at bar. Originally the East Telephone Company had enjoined the Anderson County Telephone Company from operating a telephone line in Lawrenceburg, Ky., and had executed bond, according to law, as a condition precedent to the obtention of the order. This injunction was dismissed for the reason given in 57 S. W., 457, 22 Ky. Law Rep., 418. Thereupon the Anderson County Telephone Company instituted an action on the bond to recover damages for the wrongful suing out of the injunction, and its right to maintain it was disposed of in the opinion contained in 74 S. W., 218, 24 Ky. Law Rep., 2358; the court holding that it could not recover damages on the bond for the wrongful suing out of the injunction, because it possessed no lawful franchise to operate a telephone line along the streets of Lawrenceburg, and there- fore was not entitled to damages for being prevented from doing what it had no right to do, it being a mere trespasser. No practical difference can be discovered between the effect of preventing a telephone company from operating its fran- chise by a wrongfully obtained injunction, and from pre-

venting its so doing by the wrongful erection of a pole which merely bunches its wires, without otherwise injuring them. The injury arises in both cases from depriving the corporation of the power to earn money by the operation of its franchise. A mere trespasser can not complain that he is prevented from continuing his wrongful act. No injury is claimed to the corporeal property of appellee. The sole injury is the prevention of the full exercise of its invalid claim of a franchise in the streets of the city. It follows, therefore, under the authorities cited, that, as it has no such franchise, it can have received no injury of which equity will take cognizance.

For these reasons, the judgment is reversed, with directions to dismiss the petition.