HENRY A. FETTEROLF, Respondent, *v.* S. & L. CONSTRUCTION COMPANY, Appellant, Impleaded with GEORGE KAISER LUMBER COMPANY and CHARLES CRABBE COMPANY, Defendants.

Second Department, November 18, 1916.

Contract — building contract construed — extra work — new trial.

In an action to foreclose a mechanic's lien questions were raised between the plaintiff contractor and the owner as to an allowance for extra work in changing the roofs of the buildings to be constructed from the original specifications to conform to a plan indicated by special working sketches subsequently furnished by the architect, and also for placing additional stucco on the foundation walls.   The contract provided in part as follows: " No alterations shall be made in the work except upon written order of the architect; the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order."

*Held,* that working plans or sketches for changes in the roofs did not constitute an " order " within the meaning of the contract so as to bind the owner;

That the placing of medicine closets in the houses, not called for by the plans, constituted extra work;

That since the plaintiff's contract did not include the grading and the owner had a third party do it so as to leave at least two feet of wall exposed around the houses, not covered by the contract, the placing of stucco thereon constituted extra work;

That as the sum allowed for the changes in the roofs is unknown and is included with other items, it cannot be deducted from the amount found due the plaintiff, and hence the judgment should be reversed and a new trial granted.

APPEAL by the defendant, S. & L. Construction Company, from a judgment of the County Court of Queens county in favor of the plaintiff, entered in the office of the clerk of said county on the 11th day of August, 1915, upon the decision of the court after a trial before the court without a jury.

*Charles C. Bunker,* for the appellant.

*Charles H. Street* [*Leander B. Faber* with him on the brief], for the respondent.

THOMAS, J.:

The action to foreclose a mechanic's lien raises questions between the plaintiff contractor to build four houses, excepting certain work, and the owner. An important question, and the only one that I shall here discuss, relates to the item of $1,076.80, which has been allowed for extra work in changing the roofs from the original specifications to conform to a plan indicated by special working sketches later furnished by the architect, and also for placing additional stucco on the foundation walls, which were carried above grade, and, therefore, exposed more than the plan required. This sum also includes another small item, not here important. The contract provides: "Art. III. No alterations shall be made in the work except upon written order of the Architect; the amount to be paid by the Owner or allowed by the Contractor by virtue of such alterations to be stated in said order. Should the Owner and Contractor not agree as to amount to be paid or allowed, the work shall go on under the order required above, and in case of failure to agree, the determination of said amount shall be referred to arbitration, as provided for in Art. XII of this contract." It is urged by the plaintiff that the working plans or sketches for the roofs may be regarded as an order, but the contract is too exacting to permit such substitution. An alteration of any importance might require a working sketch, and, if it could be regarded as an order, the express stipulation in the contract would be a nullity. (*Stuart* v. *Cambridge,* 125 Mass. 102, 109; *Condon* v. *Jersey City,* 43 N. J. Law, 452, 453; *L'Hommedieu* v. *Winthrop,* 59 App. Div. 192.) The sum allowed for the changes is a noticeable advance

on the contract price of $12,400. The change in the houses on the west side of Dickerson avenue was to raise the roof, which was an ordinary hip or peak roof. The upright studs support a timber called a plate, from which the rafters run to the peak or roof board. By the original plan the perpendicular height of the peak from the plane of the plate was ten feet. That distance was increased to thirteen feet. To do that it was necessary to extend the studs and make them three feet longer. In other words, the attic story was raised three feet. The plaintiff's evidence shows the value of the necessary additional labor and material to be $359. For the two houses on the east side of the avenue the plan called for a peak roof, and it was changed to a gambrel or, as it is called, a mansard roof. The change necessitated additional labor in the sum of $580. It has been a matter of serious and prolonged consideration whether the changes in the roof involved an alteration of the plan within the meaning of the contract, or whether they were mere extra work. A medicine closet was put in each house. The plan did not call for it. That was concededly extra work. In a sense it was an alteration of the plan. Literally everything is an alteration that adds or detracts from what the contract demands. But the medicine closet was not within the contract, while the building of the roofs was, but their form of construction was changed. In *Mitchell* v. *Dunmore Realty Co.* (156 App. Div. 117, 125) the contract had the clause in question, but the contractor was allowed to recover for extra work because it was outside the contract, something not required by the contract to be performed. In *Langley* v. *Rouss* (185 N. Y. 201) the stipulation for a written order related both to alterations and extra work. In *Shields* v. *City of New York* (84 App. Div. 502) the stipulation was that "no extra work will be allowed or paid for unless the same is done upon a written order of the Inspector of Repairs and Supplies." The court, regarding the stipulation in the contract, drew a distinction between extra work and additional work in this, that the former was work arising outside of and entirely independent of the contract and not required in its performance, while the latter was necessarily required in the performance of the contract, not uninten-

Second Department, November, 1916. [Vol. 175.

tionally omitted from the contract and not reasonably implied and necessary to the completion of the work. It is said in the opinion: "The necessity for this additional work might arise from conditions which could not be anticipated and which were not open to observation and could not be discovered until the specified work under the contract was actually undertaken." In the present instance the plaintiff's contract did not include the grading, and the owner, through the architect, had a third party do it so as to leave at least two feet of wall exposed all around the houses. The contractor's work was not altered, but a space on the wall was found that the contract did not cover. That had to be stuccoed. The plaintiff was not required to do that work under the contract, and it may be regarded as extra work. But the two roofs must be built; the shape was altered. That was extra work on something that the contract required to be done — but in doing it there was an enlargement of timbers used and labor applied. That required an order to bind the principal. If the sum allowed for the roofs were known, it could be deducted from the amount found due the plaintiff, but as the sum is included with two other items, it is necessary, in the present state of the record, to reverse the judgment and grant a new trial, without costs of this appeal.

JENKS, P. J., MILLS, RICH and PUTNAM, JJ., concurred.

Judgment of the County Court of Queens county reversed, and new trial ordered, without costs of this appeal.