## Rockport Coal Company's Trustee in Bankruptcy v. Tilford, et al.

### (Decided November 1, 1927.)

### Appeal from Ohio Circuit Court.

1. **Evidence.**—Whether company has franchise to manage and sell electric current within municipality is question which can be determined only from the records of the municipality.

2. Evidence.—That municipality granted franchise to manufacture and sell electric current within its limits may not be established by parol evidence.

3 Mandamus.—In mandamus proceeding to compel company to remove poles, wires, and electric light equipment from streets of municipality, where the company failed to prove from city records the mandatory provisions of Constitution, sec. 164, that no municipality may grant a franchise, except after due advertisement, and that it must receive bids publicly and award franchise to highest and best bidder, and Ky. Stats., sec. 3699, providing that no ordinance or resolution granting franchise shall be passed within five days after its introduction or at any other than a regular meeting, had been complied with, mandamus held properly granted.

4. Municipal Corporations.—A valid franchise for a term of years may be granted and acquired only on compliance with Constitution, sec. 164, providing that no municipality may grant franchise, except after due advertisement, and that it must receive bids publicly and award franchise to highest and best bidder, and Ky. Stats., sec. 3699, providing that no ordinance or resolution granting franchise shall be passed within five days after its introduction or at any other than a regular meeting.

A. D. KIRK and CLARENCE BARTLETT for appellant.

HEAVRIN & MARTIN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

The town of Rockport, in Ohio county, is a municipality of the sixth class. It instituted this action against appellant, Rockport Coal Company, seeking a mandatory injunction to compel the coal company to remove certain poles and wires and electric light equipment from the streets of the municipality. It sought that relief upon the theory that the coal company had placed them in its streets without authority. By answer, the coal company denied the allegations of the petition, and affirmatively pleaded that the city had sold, and it had purchased, a franchise for a term of 20 years to engage in the business of manufacturing and selling electric current within the municipality which carried with it the right to place the poles and wire and other equipment complained of in its streets. The municipality, by reply, denied that such was the fact. Upon the trial below the chancellor adjudged that the coal company did not have the right to maintain the poles and equipment in the streets of the

municipality and entered a judgment commanding that they be removed; hence the appeal.

It appears that the coal company has been adjudged a bankrupt in a proceeding against it instituted by certain of its creditors after this action was begun. Appellees question the authority of the trustee in bankruptcy to prosecute this appeal, for the alleged reason that he has never been properly made a party hereto. Under the provisions of section 758 of the Civil Code of Practice, appellees have also by verified answer filed in this court pleaded grounds showing the rights of the coal company to have terminated by a sale of all of its property in the bankruptcy proceeding, and hence it is insisted that the appeal should be dismissed. We deem it unnecessary to determine these questions, as the question presented by the appeal on the merits appears to be simple of solution.

A great deal of testimony to be found on file herein is wholly incompetent. The question of franchise or no franchise is one that can be determined only from the records of appellee municipality. The fact of the granting of a franchise may not be established by parol evidence. The municipality can speak only through its records. See Town of Mt. Pleasant v. Eversole, 96 S. W. 478, 29 Ky. Law Rep. 830; Spalding v. City of Lebanon, 156 Ky. 37, 160 S. W. 751, 49 L. R. A. (N. S.) 387; Tandy & Farleigh Tobacco Co. v. City of Hopkinsville, 174 Ky. 189, 192 S. W. 46; Board of Education, etc. v. Durham, 198 Ky. 733, 249 S. W. 1028; Highland Park v. Reker, 173 Ky. 206, 190 S. W. 706; Dunn v. City of Cadiz, 140 Ky. 217, 130 S. W. 1089.

Appellant claims to have purchased the franchise in question on June 9, 1919. The record book in which the records of the meetings of the board of trustees of appellee municipality and all of its official actions were entered for the year 1919 was introduced in evidence, and the following is the only reference therein to the sale of the franchise claimed by appellant:

"Regular Meeting, June 2, 1919.

"Present: J. A. Wilson, E. J. Bratcher, L. F. Gibbs, Jerry Dawson, and Geo. T. Dunn. On motion, seconded, the board of trustees for the town of Rockport, county of Ohio, state of Kentucky, allow an ordinance for the franchise to be sold for the purpose of erecting pipes, etc., for waterworks and poles

and wires for electric lights. Said ordinance to be published as the law directs. The sale of this franchise is not to be an exclusive privilege to any company or individual.

"A. J. WILSON, Chairman.
"L. F. GIBBS, Secretary."

The foregoing appears to be the only record ever made on the records of the city with reference to the franchise claimed by appellant. The coal company put in evidence the following receipt, namely:

"Received of Rockport Coal Company, Rockport, Kentucky, $1.00 cash in hand for light and water franchise sold on July 25, 1919, at auction as per ordinance passed by the board of trustees on June 9, 1919. Received payment this 4th day of August, 1919. (Signed) L. F. GIBBS, Clerk."

No other writing or record is to be found in the evidence herein to support appellant's claim that it purchased and was granted the franchise claimed by it.

Section 164 of our Constitution provides that no municipality may grant a franchise or privilege for a term of years, except after due advertisement, and that it must receive bids therefor publicly and award the same to the highest and best bidder. In addition to this constitutional provision, section 3699, Kentucky Statutes, relating to municipalities of the sixth class, provides that:

"No ordinance or resolution granting any franchise shall be passed by the board of trustees within five days after its introduction, nor at any other than a regular meeting."

The provisions of this statute have been held to be mandatory in Maraman v. Ohio Valley Tel. Co., 76 S. W. 399, 25 Ky. Law Rep. 784; East Tenn. Tel. Company v. Anderson, 115 Ky. 488, 74 S. W. 218; and Rough River Tel. Co. v. Cumb. Tel. & Tel. Co., 119 Ky. 470, 84 S. W. 517.

While it is true that we have in a number of cases written that officials of municipalities in keeping their records are not required to do so with the same degree of particularity and regularity as is required of courts of record and tribunals of that character, we have uniformly written that their records must evidence at least

a substantial compliance with constitutional and statutory requirements on the subject involved. The only reference found in the minute book of the board of trustees of appellee municipality with reference to the franchise in question is that of June 2, 1919. That appears to have been a regular meeting of the board. It appears from the records of the municipality that it had only one regular meeting day each month. Nothing in the minute then made indicates that an ordinance granting this franchise had previously been introduced. The receipt filed by appellant recites that a franchise was granted August 19th, pursuant to a sale had July 25th, pursuant to an ordinance enacted June 9, 1919. The records of the municipality do not disclose that any meeting of the board of trustees was held on June 9, 1919, and, if one had been held, then it would not have been a regular meeting. No terms or conditions of the franchise claimed by appellant are to be found in any of the records of appellee municipality and no evidence that any of the constitutional or statutory provisions with reference thereto were complied with is to be found. In this state of case the corporation seeking to justify its occupancy of the streets of the municipality upon the ground that it had acquired the right to do so under a franchise purchased from and granted by it must clearly be held to have failed of its aim, and the chancellor properly so concluded. A valid franchise for a term of years may be granted and acquired only when the mandatory provisions of our Constitution and the Statutes to which we have referred have been complied with, and evidence of this fact must be found in the records made by the municipality to evidence its action in the premises.

For the reasons indicated, the judgment herein is affirmed.