## Dance et al. v. Board of Education of City of Middlesboro.

Dec. 3, 1943.

68

H. L. Bryant, Anderson Wood and R. L. Maddox for appellants.

Robert J. Watson for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

Appellants, William E. Dance and William H. Marcum, partners doing business under the firm name of Dance & Marcum, who will be referred to interchangeably as plaintiffs, partnership and contractors, entered into a written contract with the Board of Education of the City of Middlesboro who will be referred to interchangeably as defendant and the board, for the construction of a school building at a cost of $70,026.89 under the supervision of WPA which was furnishing the greater part of the money to pay for the project. Attached to the contract were the building specifications. The partnership's first bid was $75,723.83, but as there was only $70,000 available for the building certain alternates or changes were inserted in the plans which reduced the bids to $70,026.89. The Maryland Casualty Company, the surety on the performance bond of the partnership, instituted this action against it and the board and all creditors of the partnership who had furnished materials on the job, alleging that the partnership did not have sufficient funds coming to it from the job to meet the obligations for which the surety was liable on its bond. The surety company asked that the board pay into court all sums due the partnership and that the creditors be required to answer and set up their claims.

The partnership filed an answer which it made a cross-petition against the board. The first paragraph was a traverse, and the cross-petition as several times amended averred that the board owed it a balance of $454.45 due on the contract price; that the plans and specifications called for 125,000 bricks but that it was required to furnish and lay an additional 74,000 bricks at an extra cost of $30 per thousand, or $2,220. That the partnership furnished at the request of the board: (1) a cement base where the plans called for a wood base, at an additional cost of $300; (2) painting several rooms not specified to be painted, $600; (3) applying linseed oil to walls not specified to be so treated, $120; (4) damp-proofing walls not specified to be so

treated, $100; (5) furnishing janitor, light and heat not specified in the contract, $135.10; (6) replastering walls and relathing other walls at the architect's direction where the first plastering and lathing were done according to specifications, which extra work amounted to $5,107.50. The partnership sought a total recovery against the board of $10,134.37 on the various items set out in the cross-petition.

The board's petition was designated a reply rather than an answer to the cross-petition as amended. The first paragraph was a traverse while the second paragraph pleaded a final settlement with the partnership as a defense to its cross-petition. The partnership's reply completed the issue.

At the completion of the partnership's evidence the court directed a verdict in favor of the board on the theory that the latter is a municipal corporation and can speak only through its records, and that the partnership introduced no records of the board authorizing the labor and material furnished in excess of that set out in the contract and specifications for the construction of the building. The partnership appeals.

There can be no doubt as to the correctness of the rule that a municipal corporation can speak only through its records. Rockport Coal Co.'s Trustee in Bankruptcy v. Tilford, 222 Ky. 288, 300 S. W. 898. The board is forbidden by KRS 162.070 from contracting for the erection of a new school, or making repairs or additions to a building in excess of $150, except through competitive bidding after due advertisement. Contractors are charged with the knowledge that the agent of the school board with whom they deal has only limited authority and are bound to look to the records of the board to ascertain the authority of the agent. County Board of Education of Warren County v. Durham, 198 Ky. 733, 249 S. W. 1028. Moreover, the contract under which this building was erected provided that all extra work, or change, orders must be in writing and signed by the architect. The architect did not sign any extra work, or change, orders covering the $300 for changing the base of certain rooms from wood to concrete, nor the $600 for painting; the $120 for applying linseed oil; the $100 for damp-proofing walls. Therefore, we agree with the trial judge that the contractor cannot recover for these items. The contract required the plaintiffs to

furnish light and heat during the construction of the building and under the state of the record before us it appears that the item of $135.10 was covered by the contract, and we think the court properly directed a verdict for the plaintiff on that.

As to the item of $454.45, the plaintiffs' pleading alleges that in addition to the amount due them for extra work the board owed a balance of $6,399.30 on the contract price and only paid them $5,944.85 of this sum, leaving a balance due of $454.45. Marcum testified that the board failed to pay this balance. It is patent that the court erred in directing a verdict against plaintiffs on this item.

We come now to the question of whether plaintiffs pleaded and proved a cause of action relative to the 74,000 bricks they furnished and laid over and above the 125,000 called for in the contract. The second amended cross-petition avers that although the specifications recited the construction would require only 125,000 bricks they were required to furnish and lay 199,000 (or 74,000 additional) at a cost of $30 per thousand, or $2,220. The record fails to show where answer was filed to this second amended cross-petition, but we find an agreed order controverting it of record. Defendant insists that the contract provided that all extra work or changes required during the construction of the building should be performed by the contractors only when ordered in writing by the architect, and as no such written order was given, the plaintiffs cannot recover on this item. The contract does so specify but ''alternate 8'' of the specifications shows 125,000 bricks were to be used.

Plaintiffs contend that this provision of the contract, ''Where the quantities originally contemplated are so changed that application of the agreed unit price to the quantity of work performed is shown to create a hardship to the owner or the contractor, there shall be an equitable adjustment of the contract to prevent such hardship,'' is applicable to this brick item and obviates the necessity of obtaining a written order from the architect because this was not extra work within the contemplation of the contract. Certainly an additional 74,000 bricks, where only 125,000 were called for in the specifications, is such a change in quantity as to create a hardship on plaintiffs and they are entitled

to the additional cost of furnishing and laying them, unless it be determined that this amounted to extra work under the contract requiring a written order from the architect directing that it be done before the contractors are entitled to pay therefor. Plaintiffs' evidence is to the effect that this item cost them $2,220.

It can hardly be said that this additional brickwork was "extra work" within the meaning of the contract requiring a signed order by the architect. Rather we would say that this was "additional work" without which the contract could not be performed. "Extra work" for which an order must be issued by the architect before the contractor can recover for it, as used in the contract before us, refers to work arising out of but entirely independent of the contract, which was not required in its performance. But the "additional work" for which we are allowing the contractors to recover is work that is necessarily required in the performance of the contract and without which it could not be carried out. Shields v. City of New York, 84 App. Div. 502, 82 N.Y.S. 1020, 1021; Kansas City Bridge Co. v. State, 61 S. D. 580, 250 N. W. 343; Bradshaw v. Wolfe City, Tex. Civ. App. 3 S. W. (2d) 527, 530.

Defendant insists that this additional brick-work was either a change in the contract for which plaintiffs could not recover without a written order from the architect, or else was done under a new oral contract which was not binding on it because not entered into with the board and shown on its records, nor was it let on competitive bids as required by KRS 162.070, citing County Board of Education of Warren County v. Durham, 198 Ky. 733, 249 S. W. 1028. As just stated in the preceding paragraph, this work was not independent of the contract so as to require a "change order," nor was it performed under a different or independent contract, but it was work caused by the miscalculation of the architect and its performance was necessary in order to carry out the original contract. The instant case is not greatly unlike Pittsburgh Filter Mfg. Co. v. Smith, 176 Ky. 554, 196 S. W. 150, cited by plaintiffs, wherein it was said that the additional work was made necessary by reason of the error of the engineer and no written order was required in order for the contractor to recover therefor.

The plaintiffs in their pleading and proof asserted

claims for certain lathing and plastering which the architect refused to accept and required them to replace at an aggregate cost of $5,017.50. It is insisted by plaintiffs that the workmanship and materials they originally put in this lathing and plastering met the specifications and that the architect arbitrarily refused to accept same and required them to reconstruct such work at a cost of $5,017.50.

It was not pointed out to us wherein the contract or specifications provided that the architect's decision is final on whether the workmanship or materials come up to the specifications and we have found no such provision. The only point on which we find the architect's decision to be final is on matters relating to artistic effect. The contract provides that the expense of uncovering work for re-examination must be borne by the owner if the re-examination shows that it has been done according to specifications; and if not, such expense must be borne by the contractor. Under this state of the record the court should have submitted to the jury under an appropriate instruction the question of whether or not the workmanship and materials plaintiffs put into the lathing and plastering met the specifications; if so, and the architect required that work to be done over, then plaintiffs should recover the reasonable value of the labor and materials required to reconstruct same. If this work in the original form did not meet specifications, then the plaintiffs should not be compensated for the labor and materials necessary to make it come up to specifications.

To summarize; the court correctly directed a verdict for defendant as to the items of $300, $600, $120, $100 and $135.10, but erroneously instructed the jury to find for the defendant on the other items. As to the items of $454.45 the alleged balance due under the contract, the $2,220 for furnishing and laying the additional brick and $5,017.50 for relathing and replastering, the court should have submitted them to the jury under appropriate instructions.

The judgment is reversed for proceedings consistent with this opinion.