SOL BARASH, Respondent, v. PINECONE REALTY CORPORATION et al., Appellants.— The action is to recover damages for personal injuries sustained when plaintiff was struck on the head by tackle dropped or thrown from the third or fourth floor of an apartment house then under construction. Defendant Pinecone Realty Corporation was the general contractor and defendant Zenith Improvement Co., Inc., was a subcontractor. The jury rendered a verdict for $12,300 against both defendants and in favor of Zenith on Pinecone's cross complaint against it. Both defendants appeal. Judgment reversed on the facts and a new trial granted, with costs to abide the event, unless within ten days from the entry of the order hereon the plaintiff stipulate to reduce the amount of the verdict from $12,300 to $5,300, in which event the judgment, as so reduced, is unanimously affirmed, without costs. The verdict is grossly excessive. Hagarty, Acting P. J., Johnston, Adel, Taylor and Lewis, JJ., concur.

T. B. CAMPBELL, INC., Respondent, v. NICHOLAS LEKAS, Appellant.— Action to recover for work, labor and services performed and materials furnished. Judgment of the County Court of Suffolk County unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

NICK DeMARTINI, Appellant, v. ELADE REALTY CORPORATION, Respondent.— Action to foreclose a mechanic's lien and to recover damages for breach of contract. Order of the County Court of Nassau County denying motion to strike out for insufficiency the second and third partial defenses and counterclaims reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The contract contains no language requiring the plaintiff to install curbs and lay sidewalks. It merely sets forth an agreed price for such services under the caption "Extra Work." That this term was employed in accordance with its ordinary meaning as work independent of the contract and not required in its performance (Shields v. City of New York, 84 App. Div. 502, 505; Fetterolf v. S. & L. Construction Co., 175 App. Div. 177, 179) is evident from the fact that these items are not included in the " Scope of Work " provision of the contract. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See post, p. 870.]

HEARN 45TH ST. CORPORATION, Appellant, v. MOE JANO, Defendant, and ANNA M. JANO et al., Defendants-Respondents.— In a judgment creditor's action to set aside certain alleged fraudulent transfers, the complaint was dismissed on the merits. Judgment unanimously affirmed, with costs. No opinion. Present — Close, P. J., Carswell, Johnston, Adel and Lewis, JJ.