## Jefferson County et al. v. Department of Highways et al.

Feb. 9, 1945.

Lawrence S. Grauman and Ralph Stone for appellants.

Eldon S. Dummit, Attorney General, and C. F. Kelly, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The judgment declares that three segments of road left to the side in the alignment and reconstruction of State highways are no longer parts of the State system and that the Department of Highways is under no duty to repair or maintain them.

In 1920, the Legislature created a system of State highways and specifically designated as part of the primary system the roads leading east from Louisville to Shelbyville and beyond, and south from Louisville to Elizabethtown and beyond. The State took over these roads and sometime after 1934, in relocating and reconstructing them, left 0.9 of a mile of the old road at Eastwood, and 1.9 miles at Middletown on the Shelbyville highway (U.S. No. 60), and 1.1 miles at Orell on the

Elizabethtown highway (U.S. No. 31W), all in Jefferson County. An issue arose between the Department of Highways and the county as to which is responsible for repairing and maintaining these portions of the old highway. The county takes the position that they have continued as a part of the State system and that the county does not have either the duty or the authority to keep them up, resting its case upon the ancient maxim, "Once a highway, always a highway." It submits that while the statutes provided that the then State Highway Commission could deviate from an established road, Sec. 4356t-17-2c, now KRS 177.020 (3), they did not and do not now provide that portions left where there is a deviation cease to be a part of the State system and become county roads. It is not questioned that the expense of maintaining State highways is to be borne by the Commonwealth, or it and the Federal Government, and not by the counties, KRS 177.030, but the Department of Highways takes the position that the abandonment of portions of an old road in its relocation relieves it of responsibility therefor.

The settlement of the controversy is to be found in KRS 177.020, formerly Sec. 4356t-17-2b, Kentucky Statutes, which vests in the Department of Highways the power of determining which parts of the road system it shall construct and maintain, and KRS 178.030, which reads: "The roads, bridges and landings transferred by the state to the counties in which they are located shall be county roads, bridges and landings."

These statutes carry as a necessary implication the authority of the Department of Highways to discontinue and relinquish any part of the State system to the counties as it may deem proper. Since the department can speak only by its records, this must be done by an order or formal declaration. It must be assumed that if such action shall be taken, the county in which the abandoned road is located will have due notice thereof.

In the instant case it was stipulated that no such an order had been entered with reference to the three sections of road involved, but counsel for the county agreed that if the court was of opinion that such an order would have the effect of relieving the State of responsibility for their repair and maintenance, it might be considered as having been made. The court thereupon adjudged that the three sections are not now a part of the primary

system of the State and that it is not the duty of the Department of Highways to repair or maintain them. The court declined to declare whether that duty rests upon the county, since it appeared that others whose interests might thereby be affected were not parties to the suit. We concur in both conclusions.

Judgment affirmed.

Whole Court sitting.