## Commonwealth ex rel. Watkins v. Winchester Water Works Co. et al.

November 19, 1946.

Rehearing Denied Dec. 20, 1946.

Eldon S. Dummit, Attorney General, C. F. Kelly, Assistant Attorney General, and G. R. Holbrook, Special Attorney, Highway Dept., for appellant.

B. R. Jouett and J. Stanley Clay for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

This action seeks a declaration of the rights of the parties pursuant to the provisions of Section 639a—1 et seq. of the Civil Code of Practice. The lower court granted the relief sought and this appeal presents the single question of whether or not such an actual justiciable controversy exists as would give the court jurisdiction.

The facts are stipulated and are as follows:

On January 8, 1891, the Winchester and Kentucky River Turnpike Company, the owner at that time of the Boonesboro turnpike (now Route No. 227), by deed granted an easement to the Winchester Water Company (predecessor of the appellee Winchester Water Works Company) along that portion of the turnpike which ex-

tends from the southern tip of the City of Winchester to a pumping station four miles away. The purpose of the easement was to permit the water company to transmit water from its reservoir to the city and to lay and maintain its pipe lines along the turnpike. On November 30, 1904, this easement was conveyed to the appellee, Winchester Water Works Company, and on June 21, 1922, the Kentucky Highway Commission, then the owner of Route No. 227, granted "an absolute easement" to the water works company so as to permit it to lay pipe lines along Route No. 227 from the pumping station referred to above to the Kentucky River.

In 1945, the City of Winchester purchased all the assets of the Winchester Water Works Company, including the two easements, for the sum of $544,854, and as part of the purchase agreement the water works company executed to the city an indemnifying bond in the sum of $14,975 to indemnify the city for a period of seven years against the contingency of paying the cost of moving or relocating these pipe lines in the event the Department of Highways demanded such payment. The petition filed by the water works company alleges on information and belief that within the seven years the Department of Highways will widen or reconstruct Route No. 227 and that the Department maintains that the cost of moving the pipe lines (approximately $15,000) must be borne by the owner of the two easements. However, it is stipulated that there has been no order or formal declaration of the Department of Highways requiring anyone to pay the cost of removal or relocation of the pipe lines along Route No. 227 and that no such order or formal declaration of the department has been made which calls for alteration or improvement of Route No. 227 or the removal or relocation of such pipe lines within the next seven years or at all.

This court has consistently held that a department or administrative board of the state government can speak only through its records. Commonwealth v. Miles & Co., 14 Ky. Law Rep. 107; Western Union Tel. Co. v. Guard, 283 Ky. 187, 139 S. W. 2d 722; Rockport Coal Co.'s Trustee in Bankruptcy v. Tilford, 222 Ky. 288, 300 S. W. 898; Jefferson County v. Department of Highways, 299 Ky. 358, 185 S. W. 2d 546. Mainfestly, in view of the stipulation, we are confronted with the fact that there

is no showing that there has been any action on the part of the Department of Highways such as would indicate even an intention to take action which would necessitate the removal or relocation of the pipe lines along Route No. 227. In the absence of such a showing we have, at most, merely an expression of fear or expectation on the part of the water works company that such action may be taken in the future. Is this the actual controversy that is required by the provisions of the Declaratory Judgment Act? We think not. Section 639a—1 of the Civil Code of Practice provides that a plaintiff may ask for a declaration of rights in an action "wherein it is made to appear than an actual controversy exists." 639a—2 permits any person interested under an instrument of writing to apply for a declaration of his rights even though no consequential relief is asked, "provided always that an actual controversy exists with respect thereto." 639a—6 specifically authorizes a court to refuse to declare the rights of the parties in any case where such declaration is not necessary or proper under all the circumstances.

In Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W. 2d 481, the constitutionality of our Declaratory Judgment Act was attacked and its validity upheld on the ground that the act does not confer, or purport to confer, nonjudicial power, and requires, as a condition precedent to an action under it, the existence of an actual controversy respecting justiciable questions. In that case it was said that the court will not decide speculative rights or duties which may or may not arise in the future, but only rights and duties about which there is a present actual controversy presented by adversary parties.

In Shearer et al. v. Backer, 207 Ky. 455, 269 S. W. 543, the court refused to accept jurisdiction of an action involving only a speculative argument concerning title to land, and pointed out that the Declaratory Judgment Act does not impose upon the courts the burden of answering abstract and speculative propositions of law to satisfy the fears or curiosity of parties about possible controversies which may or may not arise out of an executed contract. To the same effect see Sullenger v. Sullenger's Adm'x, 287 Ky. 232, 152 S. W. 2d 571; Revis v. Daugherty, 215 Ky. 823, 287 S. W. 28; Commonwealth v. Crow, 263 Ky. 322, 92 S. W. 2d 330.

The cases of Dowdy v. City of Covington, 237 Ky. 274, 35 S. W. 2d 304, and High Splint Coal Co. v. Dist. No. 19, United Mine Workers of America, 300 Ky. 521, 189 S. W. 2d 735, which are relied on by appellee, do not in any way detract from the construction placed upon our Declaratory Judgment Act by the authorities hereinabove referred to. Both these cases involved actual controversies, as an examination of the opinions will readily disclose.

In the case under consideration we find that the Winchester Water Works Company has only a contingent liability on its indemnifying bond to the City of Winchester. This liability was voluntarily assumed by the execution of the indemnifying bond, and so far as this record shows there is nothing to indicate the existence of any fact which might create a fixed liability under the bond. Nor is there anything in the record to show that the Department of Highways is making, or will make, any claim which is contrary to the contentions of the appellees. Such a showing must be made in order to turn the academic question into a justiciable one, and this the appellees have failed to do.

It follows that the court had no jurisdiction to declare the rights of the parties in this action, and since the lower court reached a contrary conclusion its judgment must be reversed with directions that the action be dismissed without prejudice under the provisions of Section 639a—6 of the Civil Code of Practice.

Reversed.