## Lone Jack Graded School Dist. v. Hendrickson.

March 21, 1947.

J. S. Forester, Judge.

318

Hiram Owens for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The petition pleads that the plaintiff, Clara S. Hendrickson, had been employed as a teacher for several years in the Lone Jack Independent School District of Bell County, and that on May 1, 1946, she was recommended by the Superintendent for employment under a continuing contract and was duly elected. It is further alleged that she had "entered into the standard, proper contract for continuing employment as said teacher with said Board of Education, duly signed by herself and sufficient members of said Board of Education, and that she is and was at all times since said date, a teacher with all the qualifications and with a written contract with the Board of Education, to teach in the Junior High School of said School for the coming and present school year."

The plaintiff filed the original contract, and further alleged that she had presented herself for service under that contract and the defendants, the Board and its several members, had refused to let her perform her duties and teach in the Junior High School Department, and were continuing to do so. Other allegations were made as to the plaintiff's willingness and ability to perform the contract and to not having been discharged. It was alleged that she had received a salary of $160 a month during the last school year as a teacher in the school, and that she was entitled to the same salary, with increases and additions allowed by the law. The school term began August 19, 1946, and she pleaded that her salary should commence as of that date, "as the contract filed herewith provides." Formal pleas and grounds for an injunction were made. The prayer is for judgment that she is the school teacher in the district and that "she has and is entitled to a valid, binding, continuing contract of employment" and entitled to teach; also for an injunction which would, in effect, require recognition of her rights.

The exhibit is the form of contract approved by the State Board of Education for a "continuing contract,"

as defined in KRS 161.740. The names of the plaintiff and the Board are inserted and the instrument bears the signature of two members of the Board and the plaintiff. The demurrer to the petition should have been sustained, but it was overruled.

Upon a general denial, evidence was received. The minutes of the Board of Education of May 1, 1946, show that the then Superintendent of the schools of the district recommended that Miss Hendrickson "be given a continuing contract." A motion was made by one member and seconded by another to do so, but the chairman refused to recognize the second on the ground that the person making it was not a member of the Board because he had forfeited his office. There was no other second to the motion, and the chairman declared it lost. It is stipulated that Sawyer Mills, who was Superintendent at the time the alleged contract was made, would testify, if present, that two members of the School Board had voted to employ the plaintiff. The action or non-action of the Board was a rejection of the Superintendent's recommendation. Cottongin v. Stewart, 277 Ky. 706, 127 S. W. 2d 149. Miss Hendrickson had presented herself for teaching later and her right was denied. This suit was then filed.

The minutes of the Board show that on September 5th, upon the Superintendent's recommendation that Miss Hendrickson be employed retroactively as of the beginning of the term was accepted by three members of the Board. The other two were not present. She was so notified, but seems to have declined because she was not definitely assured that she would be a teacher in the High School rather than in the Graded School of the district. The plaintiff was at that time employed as a teacher in the Pineville City School at a salary of $155.80 a month.

The court adjudged the plaintiff to be qualified to receive a continuing teacher's contract and that as the Superintendent had recommended it, and "four-fifths of the Board did not protect the recommendation of the Superintendent, the Court finds that from that time forward she had a continuing contract as teacher in said school, but that the Chairman and the then Secretary of said Board did not sign the contract as required by the

law.'' It was further adjudged that the recommendation for a position was as teacher in the Junior High School, being that in which she had previously served. The Board was ordered to enter into a consistent contract with her.

It seems to us the judgment is erroneous on several grounds. It is sufficient to say that the plaintiff predicated her case upon the exhibit filed with her petition, namely, an alleged contract made on May 1, 1946. The paper was not a contract. It is well settled that a Board of Education, like any other municipal body, speaks only through and by its record of what was done when acting as a body in a corporate meeting. No two members nor all of them acting individually or separately could bind the Board or make a contract for it. Lewis v. Durham, 205 Ky. 403, 265 S. W. 934; Dance v. Board of Education of Middlesboro, 296 Ky. 67, 176 S. W. 2d 90. Perhaps the plaintiff might have maintained a suit to require the Board to execute a contract upon the nomination of the Superintendent. (Amburgey v. Draughn, 288 Ky. 128, 156 S. W. 2d 740), but the case presented was for the specific performance of a contract alleged to have been made.

The judgment is reversed with directions to dismiss the petition.