Ray **GENTRY** et al., Members of and Constituting the Louisville and Jefferson County Board of Zoning Adjustment, Appellants,

v.

Frank P. **RESSNIER**, Marshall A. Guy and Osman Senler, Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1969.

Mark Davis, Jr., Louisville, for appellants.

Heidenberg & Bossmeyer, J. W. Jones, Louisville, for appellees.

CULLEN, Commissioner.

The appeal is by the Louisville and Jefferson County Board of Zoning Adjustment from a judgment of the Jefferson Circuit Court directing the board to grant to the appellees, Frank Ressnier and others, a conditional use permit under KRS 100.237 for construction and operation of a nursing home in a residential zone in Louisville. The appellees had appealed to the circuit court following a denial by the board of their application for the permit.

The board had held a full-fledged hearing on the application for the permit. Formal testimony was taken and transcribed. Also, the board prepared formal *minutes* of its proceedings, containing a statement of the appearances, reference to some of the documentary evidence received, and a resolution denying the permit. On their appeal to the circuit court the applicants filed as a record of the proceedings before the board only a certified transcript of the *minutes*. The board tendered the transcript of the evidence taken at the hearing but the circuit court refused to allow it to be filed. The court ruled that the only record that could be considered on the appeal was the transcript of the *minutes*. Then, the court held that since the transcript of the minutes did not contain any evidence there was nothing before the court to show that the board's decision was supported by substantial evidence, wherefore the board's decision must be held arbitrary and void. Such was the judgment.

In our opinion the circuit court erred on both points.

The ruling that only the transcript of the minutes could be considered on the appeal in the circuit court was based upon an interpretation of the last sentence of KRS 100.221(3), which is:

"A transcript of the minutes of a board of adjustments shall be provided if requested by a party, at the expense of the requesting party, and *the transcript shall constitute the record."* (Our emphasis.)

The circuit court construed this to mean that the transcript of the minutes will constitute the sole record *on appeal*, notwithstanding that the section containing the above sentence has no reference to appeals and that the section providing for appeals, KRS 100.347, comes some 37 sections later in the zoning chapter.

We think that the statement in the statute that the transcript of the minutes shall constitute "the record" is intended merely to express the standard rule that a public body can "speak only through its records." See Lone Jack Graded School District v. Hendrickson, 304 Ky. 317, 200 S.W.2d 736; Louisville & Jeffer-

son County Metropolitan Sewer District v. General Distillers Corp. of Ky., Ky., 257 S.W.2d 543. This rule has reference only to the *actions* of the body and has never to this court's knowledge been held to preclude consideration of a record of evidence heard by the body upon which it based its action.

The appellees argue that in order for a transcript of evidence heard by a board of zoning adjustment to be available for consideration by the courts the board must have incorporated it into the minutes by reference. We can see no reason for any such ritual and we do not think the legislature intended to require it. There is perfectly good reason for a requirement that what a public body *decides* be incorporated in formal minutes, but none for such authentication of evidence heard by the body. It is simply a matter of certainty. As to the *decisions* of the body, considerations of certainty demand a formal record. As to a transcript of evidence there normally would be no problem of certainty.

It is our conclusion that the circuit court erred in refusing to accept for filing or to consider the transcript of the evidence heard by the board.

It is our opinion also that the circuit court erred in holding that the decision of the board of adjustment, *denying* the permit, could not be upheld without a showing by or on behalf of the board that the decision was "supported by substantial evidence." The board having *denied* the application for the permit the issue in the circuit court was not whether there was substantial evidence before the board to support its decision, but rather was whether the evidence presented by the applicants before the board was so strong that the denial of the permit was clearly unreasonable. See Lee v. International Harvester Company, Ky., 373 S.W.2d 418; Thompson v. Mayflower Coal Company, Ky., 379 S. W.2d 459; Akers v. United Carbon Gas Company, Ky., 386 S.W.2d 957; Semet-Solvay Division of A. C. Corp. v. Work-

men's Comp. Bd., Ky., 410 S.W.2d 405. The burden of showing this to the circuit court was on the applicants who were the appellants in the circuit court and who were asserting there that the board had acted arbitrarily. The applicants could not sustain that burden without bringing to the circuit court a record of the evidentiary showing that was made before the board. There is no basis for a presumption, in the absence of such a record, that there was such evidence before the board as to require it to grant the permit.

As we pointed out in Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753 (1969) an essential of a due-process administrative proceeding, where fact-finding is involved, is an evidentiary hearing. The making of a record of such hearing is desirable to avoid the problem, on appeal, of having to show by collateral proof what evidence was heard by the administrative body. In the instant case the record was made but the applicants on their appeal to the circuit court failed to bring up the record and even objected to its being considered by the circuit court. As hereinbefore stated, the burden was on the applicants, in the circuit court, to show that the decision of the board was arbitrary on the basis of the evidence heard by the board. Since the applicants did not bring up the transcript of the evidence, and in fact prevailed upon the circuit court not to consider what evidence was heard by the board, the applicants failed in their burden, wherefore judgment should have been entered upholding the decision of the board.

The appellees made a belated motion in this court to dismiss the appeal on the ground that there was an absence of indispensable parties (the planning commission and the property owners who had appeared before the board in protest of the application). The test is whether there can be a proper adjudication of the controversy on appeal without the presence of the absent parties; whether the rights and interests of the absent parties are so inextricably bound up with those of the present

parties that a separate adjudication cannot be made; whether, without the presence of the absent parties, the final decree entered in the circuit court pursuant to the mandate on the appeal will leave the total case in a condition "inconsistent with equity and good conscience." Commonwealth Dept. of Highways v. L. G. Wasson Coal Mining Corp., Ky., 358 S.W.2d 347. Applying that test we find the absent parties not to be indispensable in the instant case. Accordingly we are overruling the motion to dismiss.

The judgment is reversed with directions for the entry of judgment in conformity with this opinion.

All concur except STEINFELD, J., who did not sit.